AMY J. LONGO (Cal. Bar No. 198304)
Email: longoa@sec.gov
DAVID S. BROWN (Cal. Bar No. 134569)
Email: browndav@sec.gov
BRENT W. WILNER (Cal. Bar No. 230093)
Email: wilnerb@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission

Robert A. Cohen, Unit Chief (Cyber Unit)
Headquarters
100 "F" Street, N.E.
Washington, District of Columbia 20549

Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**ORIGINAL**

**FILED**

OCT - 3 2018

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKVEST, LLC and REGINALD BUDDY RINGGOLD, III a/k/a RASOOL ABDUL RAHIM EL,<br><br>Defendants. | Case No. '18 CV 2287 GPC BLM<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (3) GRANTING EXPEDITED DISCOVERY; AND, (4) REQUIRING ACCOUNTING; AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>(FILED UNDER SEAL) |

Plaintiff Securities and Exchange Commission ("SEC") applies pursuant to Fed. R. Civ. P. 65(b) for a Temporary Restraining Order prohibiting defendants Blockvest LLC ("Blockvest") and its founder and principal, Reginald Buddy Ringgold, III, aka Rasool Abdul Rahim El ("Ringgold"), from committing violations of the antifraud and registration provisions of the federal securities laws, and for orders freezing assets, prohibiting the destruction or alteration of documents, granting expedited discovery, and requiring accountings from each of defendants. In addition, the SEC applies for an Order to Show Cause Re Preliminary Injunction. This Application is based on the SEC's complaint, as well as its accompanying Memorandum of Points and Authorities, its supporting declarations and exhibits, and any such other evidence and argument as the Court may receive and permit.

### A. Basis for Waiver of Notice Under Rule 65(b)

Counsel for the SEC has not advised defendants or their counsel of the date, time, or substance of its Application, and the SEC applies for emergency injunctive relief on an *ex parte* basis. Waiver of notice to defendants is appropriate pursuant to Fed. R. Civ. P. 65(b) and U.S. Dist. Ct. S.D. Local Rule 83.3(g)(2), because the specific facts set forth in the evidence submitted with the Application establish that immediate and irreparable injury, loss, or damage will result if defendants are notified of the SEC's Application prior to it being heard. This is true because defendants' fraudulent scheme is ongoing.

As set forth in more detail in the SEC's supporting papers, this case concerns ongoing investment fraud arising from defendants' fraudulent offer and sale of unregistered securities in the form of digital assets or "tokens" called "BLVs." Beginning in March 2018, Ringgold has orchestrated the fraudulent offering of BLVs—claiming to have raised more than $2.5 million from investors, and to have sold 9 million tokens, in "pre-sales" alone, prior to the $100 million

initial coin offering ("ICO") defendants are planning for later this year. BLVs are designed to fund Blockvest's development of digital-asset related financial products including the "first [U.S.] *licensed and regulated* tokenized crypto currency exchange and index fund." However, while defendants represent that Blockvest or its ICO are "approved by" or "regulated by" the SEC (and other regulators), Blockvest has no such approval for the ICO. Blockvest similarly claims to be "audited" by Deloitte; it is not. Defendants further give investors the false appearance that the ICO is a secure investment by promoting, when they promote the ICO, a fictitious regulatory entity called the Blockchain Exchange Commission, or "BEC," which was founded by Ringgold. But the BEC is designed to mimic the SEC—from its eagle logo, to its mission statement regarding the protection of investors, to its claim to be located in SEC headquarters and its website linking to the SEC's own website. Ringgold's blatant deceptions about Blockvest and the BEC continue to this day. Investors have no protection—absent Court order—against his continued violations.

      The SEC submits that, if defendants are given notice of the Application, they will continue their fraudulent scheme and may dissipate and misuse funds from new and existing investors, thus placing the funds beyond the reach of the Court. The risk of dissipation of investor funds is heightened because this case involves digital assets, which can be transferred or secreted nearly instantaneously and are extremely difficult to trace. The danger of asset dissipation and continuing unlawful conduct are each independently accepted bases for granting a temporary restraining order without notice under Rule 65(b). *See, e.g., SEC v. Schooler*, No. 12–CV–2164–LAB–JMA2012 WL 4049956, at *2 (S.D. Cal. Sept. 13, 2012); *3BA Int'l LLC v. Lubahn*, No. C10–829RAJ, 2010 WL 2105129, at *5 (W.D. Wash. May 20, 2010). The Court's immediate intervention would help prevent continuing violations of the federal securities laws and preserve the *status quo*.

1  *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*,
2  415 U.S. 423, 439 (1974) (purpose of temporary restraining order is "preserving
3  the status quo and preventing irreparable harm just so long as is necessary to hold a
4  [preliminary injunction] hearing, and no longer").

### B. Request to File the TRO Application under Seal

Because its Application is made without notice, the SEC has concurrently filed a separate *ex parte* motion that the Court seal this Application and the supporting documents. The requested sealing order is of limited duration—the SEC asks only that the documents be sealed until three business days after the Court issues its decision. The SEC makes this request to prevent defendants from transferring or secreting assets, including digital assets that can be moved nearly instantaneously, until the Court has issued a ruling on the SEC's Application. If the papers are not filed under seal, posting them on PACER would make the Application and supporting papers publicly available, defeating the purpose of filing the Application without notice. If defendants receive notice of the matter before the Court issues its ruling, they may destroy or alter materials that may transfer, dissipate, or conceal assets before the requested asset freeze is put in place.

### C. Relief Requested

Because of the ongoing nature of the fraudulent scheme, the SEC seeks to temporarily enjoin defendants from violating Sections 5(a), (c) and 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77e; q(a), and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5.

Because of the danger that defendants will dissipate investor funds, the SEC also seeks to freeze the assets of the each of defendants and their subsidiaries and affiliates. The SEC further requests orders prohibiting the destruction or alteration

of documents, granting expedited discovery, and requiring defendants to provide accountings.  Finally, the SEC requests an order to show cause why a preliminary injunction should not be granted.

Dated:  October 2, 2018

Respectfully submitted,

/s/ Amy Jane Longo

Amy J. Longo
David S. Brown
Brent W. Wilner
Attorneys for Plaintiff
Securities and Exchange Commission