| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION, | Case No. 18cv2287-GPB(BLM) |
|---|---|
| Plaintiff, | **TEMPORARY RESTRAINING ORDER AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (3) GRANTING EXPEDITED DISCOVERY; AND, (4) REQUIRING ACCOUNTINGS; AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
| vs. | |
| BLOCKVEST, LLC and REGINALD BUDDY RINGGOLD, III a/k/a RASOOL ABDUL RAHIM EL, | |
| Defendants. | |
| | **(FILED UNDER SEAL)** |

This matter came before the Court upon the *Ex Parte* Application of Plaintiff Securities and Exchange Commission ("SEC") for a Temporary Restraining Order and Orders (1) Freezing Assets; (2) Prohibiting the Destruction or Alteration of Documents; (3) Granting Expedited Discovery; and (4) Requiring Accountings; and Order to Show Cause Re Preliminary Injunction (the "TRO Application").

The Court, having considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

    B.    The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(d), by evidence establishing a *prima facie* case and reasonable likelihood that defendants Blockvest LLC ("Blockvest") and Reginald Buddy Ringgold, III, aka Rasool Abdul Rahim El ("Ringgold") (collectively, "Defendants") have engaged in, are engaging in, are about to engage in, and unless restrained and enjoined will continue to engage in transactions, acts, practices, and courses of business that constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and that Blockvest and Ringgold have engaged in, are engaging in, are about to engage in, and unless restrained and enjoined will continue to engage in transactions, acts, practices, and courses of business that constitute violations of Section 5 of the Securities Act, 15 U.S.C. §§ 77e.

|   |   |   |
|---|---|---|
| 1 | C. | Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets. |
| 8 | D. | Good cause exists to believe that an accounting of Defendants' assets is necessary. |
| 10 | E. | Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action. |
| 13 | F. | Good cause exists to believe that expedited discovery is necessary. |

**I.**

IT IS HEREBY ORDERED that the SEC's TRO Application is GRANTED.

**II.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Blockvest and Ringgold are temporarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or

would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Blockvest and Ringgold are temporarily restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;
(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Blockvest and Ringgold are temporarily restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) defendants Blockvest's and Ringgold's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant Blockvest or Ringgold or with anyone described in (a).

# V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Ringgold, his agents, servants, employees, attorneys, subsidiaries, and affiliates, and those in active concert or participation with him, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily until further order of this Court restrained and enjoined from directly or indirectly participating in the offer or sale of any securities, including but not limited to any digital securities, and from making any misrepresentations or omissions about SEC or other regulatory approval in connection with the offer or sale of any securities, including but not limited to any digital securities.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant Ringgold's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Ringgold or with anyone described in (a).

# VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Blockvest and Ringgold be and hereby are temporarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, securities, claims or other real or personal property, including any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital assets, wherever located, of any of the Defendants, or their subsidiaries or affiliates (including but not limited to Blockchain Investment Group LLC, Blockchain Investment Group LLP, Rosegold Investments LLP, Rosegold Investments Trust,

Master Investment Group, Inc., and the Blockchain Exchange Commission, LLC), owned by, controlled by, managed by, or in the possession or custody of any of them, and from transferring, encumbering, dissipating, or incurring charges or cash advances on any debit or credit card or the credit arrangement of any of the Defendants, or their subsidiaries and affiliates.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets, including all digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets, wherever located (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution, brokerage firm, third-payment payment processor, coin exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital funds or assets held in the name of, for the benefit of, or over which account authority is held by Defendants Blockvest and/or Ringgold and/or affiliates Blockchain Investment Group LLC, Blockchain Investment Group LLP, Rosegold Investments LLP, Rosegold Investments Trust, Master Investment Group, Inc., and the Blockchain Exchange Commission, LLC, including but not limited to the accounts listed below:

| INSTITUTION | ACCOUNT NAME/OWNER | ACCOUNT NO. |
|---|---|---|
| BANK OF AMERICA | Rasool Abdul Rahim El Trust | 8700<br>8399 |
| BANK OF AMERICA | Rasool Abdul Rahim El | 4972<br>8582 (debit card) |
| BANK OF AMERICA | Master Investment Group, Inc. | 1523<br>3005 |
| BANK OF AMERICA | Rosegold Investments LLP | 0880 |
| JP MORGAN CHASE BANK | Master Investment Group, LLC dba Rosegold Investments | 8711 |
| JP MORGAN CHASE BANK | Reginald Ringgold | 1121(debit card) |
| JP MORGAN CHASE BANK | Rasool El | 3809 (debit card)<br>4800 (debit card)<br>5322 (debit card) |
| PAYPAL | Reginald Ringgold | 9352<br>6931<br>9247<br>6601<br>3071<br>8936<br>0508<br>4900<br>3480<br>5343<br>2358 |
| PAYPAL | Rasool El | 0276<br>3540<br>0766 |
| VENMO | Rasool El | ID # 3350 |

| | | |
|---|---|---|
| VENMO | Reginald Ringgold | ID # ▮1513 |
| WELLS FARGO BANK | Blockchain Investment Group LLC | ▮0230 |
| WELLS FARGO BANK | Rosegold Investments LLC | ▮0612 |
| TD AMERITRADE | Reginald Ringgold III | ▮1810 |
| TD AMERITRADE | Master Investment Group LLC dba Rosegold Investments | ▮5726 |
| GEMINI TRUST CO. LLC | Rasool Abdul Rahim El | ▮7925 |
| COINBASE, INC. | Rasool Abdul Rahim El | seeringgold@▮ |

Any bank, financial institution, brokerage firm, third-party payment processor, or coin exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, or such monies or assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of Defendants Blockvest and Ringgold be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, data objects existing in any state, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or

otherwise), and any accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital wallets, pertaining in any manner to Defendants Blockvest or Ringgold.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## IX.

IT IS FURTHER ORDERED that Defendants Blockvest and Ringgold, within five days of the issuance of this Order, shall each prepare and deliver to the SEC a detailed and complete schedule of all of their assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address, and account number, and all digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital funds or assets, wherever located. The accounting shall include a description of the sources of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the SEC to the attention of Amy Jane Longo, Regional Trial Counsel, U.S. Securities and Exchange Commission, Los Angeles Regional Office, 444 S. Flower St., Suite 900, Los Angeles, California 90071. After completion of the accounting, each of the Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## X.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses, or controls assets

exceeding $5,000 for the account or benefit of any of the Defendants, including any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital assets, wherever located, including any such assets held in any safe deposit box, shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## XI.

IT IS FURTHER ORDERED that the SEC's application for expedited discovery concerning Defendants, their assets and activities, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, discovery shall proceed as follows:

(A) Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination on two days' notice of any such deposition. Depositions may be taken Monday through Saturday. As to the Defendants, and their agents, servants, promoters, employees, brokers, and associates, and any person who transferred money to or received money from any account(s) at any of the bank, financial institution, brokerage firm, third-payment payment processor, or coin exchange identified above, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, digital tokens, or cryptocurrencies identified above, the SEC may depose such witnesses after serving a deposition notice by email, facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on the SEC's application for preliminary injunction.

(B) Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each Defendant shall answer the SEC's interrogatories within three days of service of such interrogatories upon Defendant.

(C) Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each Defendant shall produce all documents requested by the SEC within three days of service of such request, with production of the documents made to Amy Jane Longo, U.S. Securities and Exchange Commission, Los Angeles Regional Office, 444 S. Flower St., Suite 900, Los Angeles, California 90071, or such person or place as counsel for the SEC may direct in writing.

(D) Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each Defendant shall respond to the SEC's requests for admissions within three days of such requests.

(E) All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by email, facsimile, hand delivery or overnight courier to the SEC to the attention of Amy Jane Longo, U.S. Securities and Exchange Commission, Los Angeles Regional Office, 444 S. Flower St., Suite 900, Los Angeles, California 90071, longoa@sec.gov , or such other place and person as counsel for the SEC may direct in writing.

(F) Written discovery propounded and depositions taken pursuant to this section of this Order shall not count against the limitations on the number or duration of written discovery and depositions set forth in the Federal Rules of Civil Procedure.

(G) All discovery requests and responses may be served via email, facsimile, or by hand delivery on counsel for the parties.

## XII.

IT IS FURTHER ORDERED that at on **October 18, 2018 at 1:30 p.m**. in Courtroom 2D, the Defendants, and each of them, shall appear before the Honorable Gonzalo P. Curiel, Judge of the United States District Court for the Southern District

of California, to show cause, if there be any, why a preliminary injunction should not be granted. Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and delivered to Amy Jane Longo, U.S. Securities and Exchange Commission, Los Angeles Regional Office, 444 S. Flower St., Suite 900, Los Angeles, California 90071, and served via email, facsimile, or by hand to the offices of the Defendants or their attorneys no later than **12:00 p.m. on October 11, 2018**. Any reply papers shall be filed with the Court and served via email, facsimile, or by hand to opposing counsel no later than **12:00 p.m. on October 15, 2018**.

## XIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: October 5, 2018

Hon. Gonzalo P. Curiel
United States District Judge

12