**CORRIGAN & MORRIS, LLP**
Brian T. Corrigan (Cal Bar No. 143188)
bcorrigan@cormorllp.com
Stanley C. Morris (Cal Bar No. 183620)
scm@cormorllp.com
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025
Telephone: (310) 394-2800
Facsimile: (310) 394-2825

*Attorneys for Defendants*
BLOCKVEST, LLC, and REGINALD
BUDDY RINGGOLD, III

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

BLOCKVEST, LLC, and REGINALD BUDDY RINGGOLD, III aka RASOOL ABDUL RAHIM EL,

Defendants.

Case No.: 18-CV-2287-GPC (BLM)

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER:**

**(1) SETTING AN EVIDENTIARY HEARING ON THE SEC'S REQUEST FOR PRELIMINARY INJUNCTION AND OTHER RELIEF;**

**(2) GRANTING PERMISSION TO FILE DECLARATIONS OF INVESTORS IN ROSEGOLD INVESTMENTS LLP AND SECOND SUPPLEMENTAL DECLARATION OF REGINALD RINGGOLD, III**

Complaint Filed: OCTOBER 3, 2018

**TRO ENTERED OCT. 5, 2018**
**PRELIMINARY INJUNCTION HEARING:**
**Date: November 16, 2018**
**Time: 3:00 p.m.**
**Place: Courtroom 2 D**
**221 West Broadway**
**San Diego, CA 92101**

**Judge: Hon. Gonzalo P. Curiel**



CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD**:

Defendants, Reginald B Ringgold, III and Blockvest, LLC (collectively "Defendants") hereby moves on an ex-parte basis (the "Ex-Parte Application"), for entry of an order: (i) setting an evidentiary hearing before the Court prior to its determination of whether to enter a preliminary injunction; and (2) granting Defendants permission to file declarations from each of the sixteen allegedly defrauded investors and Mr. Ringgold to supplement Defendant's opposition to the SEC's motion for a preliminary injunction. The proposed Declarations of each and every Rosegold investgor are submitted separately herewith.

Defendants make this request by the ex-parte application, rather than noticed motion, because the Preliminary Injunction hearing is scheduled for this Friday, November 16, 2018. Defendants have no objections to a continuance of the TRO and other relief until the evidentiary hearing date as may be necessary to accommodate the Court's and the SEC's schedule. Counsel for Defendants conferred with counsel for the SEC regarding this request and counsel for the SEC objects to Mr. Ringgold's and Blockvest's request for this Court to hear additional evidence.

Defendants are suffering immediate harm because the SEC is not simply asking this Court to maintain the status quo or order Defendants to "obey the law" but instead request that this Court affirmatively enjoin Mr. Ringgold from participating in the purchase or sale of cryptocurrency and securities and a limitless asset freeze on a number of entities, including Rosegold Investments, LLP, which is not a defendants in this action. Each of the Rosegold investors have submitted a declaration herewith.

This application is based on the attached Memorandum of Points and Authorities, the concurrently filed declarations or Reginald Ringgold, Declarations of each and every investor in Rosegold Investments LLP, and such other evidence and arguments as may be presented at any hearing on this matter.

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

Dated: November 13, 2018

*/s/ Stanley C. Morris*
Corrigan & Morris LLP
Counsel for Blockvest, LLC, and Defendants Reginald Ringgold

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The SEC starts this case armed with a team of lawyers, a strategy in place, documents, interviews and legal arguments well drafted. It hits Defendants by first tying their hands behind their backs, seizing all of their cash, depriving them of counsel, and ordering them to conduct no further business, and to not spend any money on lawyers or anything else. That is not due process.

Defendants Reginal Ringgold and Blockvest LLC seek an evidentiary hearing to contest the extraordinary pre-judgment relief sought by the SEC in the form of a preliminary injunction. The proposed preliminary injunction constitutes an unprecedented bar of conduct and an open ended freeze on assets beyond the Defendants' reach and without limitation to the likely relief to be secured in the case. Accordingly, Defendants ask the Court to take the necessary time and attention to consider the live witness testimony of the affected persons in this matter before imposing the civil death sentence urged by the SEC.

This case involves only sixteen (16) investors in Rosegold Investments LLP, who invested $149,700 and who have provided the concurrently filed declarations. Many of those investors have also offered to appear in San Diego and testify for the Defendants. The only other investors are Defendant, Reginald Ringgold, who invested approximately $356,900, and Blockvest's CFO, who invested $8,000. The SEC is mistaken about any other investors – there were none. (See, Ringgold Declaration filed herewith at ¶¶ 16-21 and Exhibit 6, 7 and 9 filed herewith).

**II. FACTS**

The SEC obtained an extraordinarily broad and burdensome Temporary Restraining Order in this case ex parte before Defendants even knew they were the target of any SEC regulatory scrutiny, much less that such draconian relief would be sought. The SEC initially proceeded Ex Parte without an adequate basis to do so, without any investigation, without speaking with a single investor, and, accordingly,

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

Mr. Ringgold did not have an opportunity to respond prior to the issuance of an Order that banned Mr. Ringgold from working in the cryptocurrency business, and prohibits Mr. Ringgold and certain affiliated businesses (not named as defendants) from spending any money on anything, including hiring a lawyer (See, e.g. TRO at ¶ VI (Freezing assets of Mr. Ringgold, Rosegold Investments LLP, and five other non-defendant entities); ¶V (preventing Mr. Ringgold from buying or selling securities or cryptocurrency) at Ct Dtk 6). Before such draconian relief is made quasi-permanent in the form of an unprecedented pre-judgment preliminary injunction, Defendants seek a full and fair evidentiary hearing so that the Court can consider the underlying merits of the case before issuing relief, if any is deemed just.

## III ARGUMENT

Defendants request a fair opportunity to be heard before the Court determines the SEC's request for an extraordinary pre-litigation preliminary injunction. The Defendants ask the Court to hear live testimony from the allegedly defrauded investors and Mr. Ringgold and to consider the declarations submitted herewith. The SEC has not provided the Court with a single investor into Blockvest or Rosegold that can claim it was even aware of the alleged misrepresentations regarding Blockvest, and the actual investors in Ringgold attest that they did not rely on any such misrepresentations. Nor is there any evidence that Mr. Ringgold or Blockvest profited, such that ill-gotten gains would likely be ordered disgorged in the case.

Defendants have no history of violations of the securities laws or any other wrongdoing. Given the absence of any prior malfeasance, the Defendants deserve a hearing to explain their mental processes supporting their actions and to show why the extraordinary prejudgment remedies sought by the SEC are not warranted under all the facts and circumstances. See, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009).

CORRIGAN & MORRIS LLP
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025

**IV. CONCLUSION**

Considering the seriousness of the extraordinary pre-judgment relief sought against the Defendants, the Defendants should be allowed an evidentiary hearing to detail why the relief requested against these Defendants, with untarnished regulatory histories, should not be subjected to such draconian pre-trial relief.

Dated: November 13, 2018

*/s/ Stanley C. Morris*
Corrigan & Morris LLP
Counsel for Blockvest, LLC, and
Defendants Reginald Ringgold