AMY J. LONGO (Cal. Bar No. 198304)
Email: longoa@sec.gov
DAVID S. BROWN (Cal. Bar No. 134569)
Email: browndav@sec.gov
BRENT W. WILNER (Cal. Bar No. 230093)
Email: wilnerb@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission

Robert A. Cohen, Unit Chief (Cyber Unit)
Headquarters
100 "F" Street, N.E.
Washington, District of Columbia 20549

Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKVEST, LLC and REGINALD BUDDY RINGGOLD, III a/k/a RASOOL ABDUL RAHIM EL,<br><br>Defendants. | Case No. 3:18-cv-02287-GPC-BLM<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION (Dkt. Nos. 30-32)**<br><br>**PRELIMINARY INJUNCTION HEARING:**<br>Date: November 16, 2018<br>Time: 3:00 p.m.<br>Place: United States Courthouse<br>221 West Broadway<br>Courtroom 2D (Schwartz)<br>San Diego, CA 92101<br><br>Judge: Hon. Gonzalo P. Curiel |


## I. INTRODUCTION

Pending before this Court is plaintiff Securities and Exchange Commission ("SEC")'s motion for a preliminary injunction and associated relief, now set to be heard November 16, 2018, following two continuances requested by defendants. The SEC files this response to defendants' *ex parte* application—filed well after their opposition to the SEC's motion—seeking an evidentiary hearing and leave to file 27 additional declarations in opposition to the SEC's motion. For the reasons set forth herein, the SEC submits that defendants' request is unwarranted at this juncture.

The SEC brought this action to stop defendants' widely-promoted Blockvest ICO, for which they were, until the Court issued the TRO, actively soliciting investors through numerous misrepresentations and deceptive acts. The voluminous record before the Court, including the evidence submitted by the SEC and the many admissions in defendants' own recent deposition testimony, amply justifies the requested relief. The SEC has made a *prima facie* showing of defendants' violations of the antifraud and registration provisions of the federal securities laws, and shown a reasonable likelihood that such violations will continue unless preliminarily enjoined.

Defendants' application, filed days before the scheduled hearing and more than a week after their opposition papers, is no more than a thinly disguised and unauthorized sur-reply. The application in no way identifies how an evidentiary hearing would be helpful to resolving contested issues of fact. Rather, the application confirms that the disputed matters before the Court are issues of law. Defendants' proposed additional evidence is both duplicative of and inconsistent with their prior filings, and they offer no reason for its untimeliness. One-third of the proposed new declarants previously provided declarations—or in Ringgold's case, three prior declarations. In short, defendants' application does not alter the fact that the SEC has made the necessary *prima facie* showing, which defendants have failed to rebut.[1]

---

[1] To the extent that defendants are permitted to file the proposed additional evidence, the SEC requests a limited opportunity to brief its substantive response to that evidence.

1

## II. THE CURRENT EVIDENTIARY RECORD STRONGLY SUPPORTS ENTRY OF A PRELIMINARY INJUNCTION

As a "governmental agency acting as a 'statutory guardian charged with safeguarding the public interest in enforcing the securities laws,'" the SEC, for the relief it requests, must make a two-part showing of: "(1) a *prima facie* case of previous violations of federal securities laws, and (2) a reasonable likelihood that the wrong will be repeated." Dkt. No. 5 at 4-5 (citations omitted). As set forth in the SEC's prior briefing (Dkt. Nos. 3-1, 27), the evidence presently before the Court more than satisfies both prongs. The SEC has demonstrated, and defendants have failed to challenge or rebut, that defendants offered and sold unregistered securities, while making materially false statements about their registration status with the SEC and other regulators and their affiliation with Deloitte, and misleadingly brandishing the logos of the SEC, other regulators, Deloitte, and their self-created, inherently deceptive, fictitious regulator, the "BEC."

In opposing the motion, defendants do not appear to contest that they disseminated materially false representations while promoting their unregistered offering. Rather, they attempt to contest the SEC's *prima facie* case by arguing that their misrepresentations were not made in connection with securities transactions; that the Blockvest investments were not in fact securities; or that defendants did not act with scienter (or negligence, under Section 17(a)(2) and (3)). These issues can all be determined as a matter of law based on the evidence presently before the Court.

Ninth Circuit precedent provides that a motion for preliminary injunction may be decided upon the written record and oral argument; the decision whether to hold an evidentiary hearing is within the Court's discretion. *See Intl. Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 554-556 (9th Cir. 1999) (affirming imposition of preliminary injunction over objection that "an evidentiary hearing was required to resolve disputed facts;" holding that "[w]e

choose not to follow the [] presumption in favor of evidentiary hearings"). Thus, "[d]espite the existence of factual disputes, there is no need for oral testimony where the disputed facts 'are amenable to complete resolution on a paper record.'" Judge Beverly Reid O'Connell & Judge Karen L. Stevenson, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial, Ch. 13-2 (March 2018) (citations omitted); *see also Stanley v. University of Southern California*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("In this circuit, the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter"); *FTC v. John Beck Amazing Profits, LLC*, 2:09-cv-4719-FMC-FFMx, 2009 WL 10654699, at **1-2 (C.D. Ca. Aug. 11, 2009) (denying *ex parte* application to present live witnesses in opposition to preliminary injunction, finding that "declaration testimony" was sufficient, noting that "an evidentiary hearing addressing each dispositive issue would not be practical, and would likely consume an extended period of time" and would therefore "be not simple, not helpful, not necessary, and not practical").[2]

      Defendants offer no explanation why an evidentiary hearing would be helpful or practical here. Defendants first propose that the Court "hear live testimony from the allegedly defrauded investors and Mr. Ringgold and to consider the declarations submitted herewith" (App. at 5), presumably to address the issue defendants identify as "reliance." But the SEC is not required to show that any individual investor relied on defendants' representations—only that the representations coincided with defendants' offers and/or sales of securities and

---

[2] The two cases cited by defendants have no bearing here. *See* App. at 5. In *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), the Supreme Court held that a preliminary injunction sought by a private party may not issue upon the mere possibility, rather than the likelihood, of irreparable injury. And in *American Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046 (2009), the Ninth Circuit reversed the denial of a preliminary injunction on other grounds, noting the applicability of the *Winter* standard. Neither case involved the standard for a preliminary injunction sought by a regulator, nor the circumstances under which an evidentiary hearing is appropriate.

3

were material. The SEC's evidence—including testimony from Ringgold and other members of Blockvest's management—demonstrates that defendants were soliciting investors online and accepting credit card payments on their website, as well as digital assets. *See, e.g.*, Dkt. No. 27-18 at 14, 41-42 [Ringgold excerpts]; 27-17 at 8, 11-12, 29-30 [Bandoy excerpts]; Dkt. No. 27-20 at 8-9, 15 [Sheppard excerpts]. Defendants have likewise admitted that whether or not the offering was registered with the SEC would have been important to investors. *See, e.g.*, Dkt. No. 27-17 at 43.

Next, defendants argue that they should be permitted to "explain their mental processes" and "detail why the relief requested" is not warranted (App. at 5-6), apparently suggesting they would use the hearing to address scienter and/or the scope of the requested relief. But defendants do not explain how an evidentiary hearing would be helpful to either end—for example, how any witnesses they intend to call would address matters of fact that cannot be resolved on the basis of the current record. As for defendants' scienter or negligence, the evidence before the Court already contains ample **admissions** of defendants' contemporaneous knowledge of the misrepresentations, and control over their public dissemination. *See, e.g.*, Dkt. No. 27-18 at 38-39, 43, 51-52. Nor do defendants explain why oral argument would not adequately permit defendants to challenge the scope of the requested relief.[3]

### III. THE PROPOSED ADDITIONAL EVIDENCE IS UNTIMELY

Defendants also seek leave to submit 27 additional declarations and exhibits. But defendants should not be granted a "redo" of their opposition papers and the supporting evidence.

Of the declarations defendants seek to file, nine are from individuals who

---

[3] Even with their latest proposed filings, defendants still have yet to document the basis for their requested modification of the asset freeze for reasonable living expenses, information the SEC has been requesting from the outset. *See* Dkt. No. 27-2 at 2, 6, 14-15.

4

previously submitted nearly identical declarations concerning their investments in Blockvest through Rosegold. Defendants now seek leave to resubmit them, with certain new information and with new attachments. *Compare* Dkt. No. 24-2 *with* Dkt. No. 31. Ringgold's own proposed declaration contains proposed declarations from eleven other people, as well as further information and documents he proposes the Court consider. *See* Dkt. No. 32. Yet Ringgold submitted two prior declarations in support of his accounting, as well as another declaration in opposition to the SEC's motion, some of which are duplicative of this latest proposed filing. *See* Dkt. Nos. 18, 21-1, 21-4; *compare* Dkt. No. 32-4 at 3-5 *with* Dkt. No. 24-1 at 2-4 (duplicate copies of Jack Bensimon's Linked-In profile). His latest proposed declaration contains financial information not included in either prior accounting he submitted. *Compare* Dkt. No. 32 ¶¶ 33-34 *with* Dkt. No. 24 ¶¶ 5, 11-12. Defendants offer no justification for submitting this proposed additional evidence far after the deadline for their opposition brief.

      The SEC respectfully requests that if this evidence is accepted in connection with a hearing of any kind before this Court, then the SEC be granted leave to first file a sur-reply, not to exceed five pages, to address the substance of these new proposed filings.

Dated: November 14, 2018

                              */s/ Amy Jane Longo*
                              Amy Jane Longo
                              Attorneys for Plaintiff
                              SECURITIES AND EXCHANGE COMMISSION

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
400 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On November 14, 2018, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION (Dkt. Nos. 30-32)** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 14, 2018         */s/ Amy Jane Longo*
                                 Amy Jane Longo

*SEC v. Blockvest LLC, et al.*
United States District Court – Southern District of California
Case No. 3:18-cv-02287-GPC-BLM

## SERVICE LIST

Stanley C. Morris **(served by ECF only)**
Corrigan & Morris LLP
12300 Wilshire Blvd., Suite 210
Los Angeles, California 90025
Attorneys for Defendants Reginald Buddy Ringgold, III and Blockvest LLC