**CORRIGAN & MORRIS, LLP**
Brian T. Corrigan (Cal Bar No. 143188)
bcorrigan@cormorllp.com
Stanley C. Morris (Cal Bar No. 183620)
sC&M@cormorllp.com
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025
Telephone: (310) 394-2800
Facsimile: (310) 394-2825

*Attorneys for Defendants*
BLOCKVEST, LLC, and REGINALD BUDDY RINGGOLD, III aka RASOOL ABDUL RAHIM EL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> BLOCKVEST, LLC, and REGINALD BUDDY RINGGOLD, III aka RASOOL ABDUL RAHIM EL, <br><br> Defendants. | Case No.: 18-CV-2287-GPC (MSB) <br><br> **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS** <br><br> **Date: March 8, 2019** <br> **Time: 1:30** <br> **Place: Courtroom 2D (2nd Floor - Schwartz), Suite 2190** <br> **221 West Broadway** <br> **San Diego, CA 92101** <br><br> **Judge: Hon. Gonzalo P. Curiel** <br><br> Complaint Filed: <br> OCTOBER 3, 2018 |

1

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE, that on March 8, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2D of the United States District Court, Southern District of California, located at 221 West Broadway San Diego, CA 92101, Corrigan & Morris LLP ("C&M") as counsel for the Defendants Blockvest LLC and Reginald B. Ringgold, III (collectively, "Defendants") will and hereby does move to withdraw as attorneys of record.

This motion is made pursuant to Southern District Local Rules 83.3(f)(3) and 83.4 and California Rule of Professional Conduct 1.16(a)(2), 1.16(b), and 1.16(d). C&M so moves on the grounds that a conflict of interest has arisen such that continued representation would cause C&M to violate the California Rules of Professional Conduct. Specifically, under Local rule 83.4 and California Rules of Professional Conduct 1.16(a)(2) C&M is required to withdraw from the representation.

This motion is made following written notice to Defendants on December 10, 2018, and all parties who have appeared in this action. Defendants have served the Defendants with this notice and filed a proof of service herewith.

This motion is based upon all the pleadings, papers in this action, the supporting Declaration of Stanley C. Morris, the Memorandum of Points and Authorities, and upon such argument of counsel as may be made at the hearing on this motion.

                                              Respectfully submitted,

Dated: December 27, 2018        CORRIGAN & MORRIS LLP

                                          By: /s/ Stanley C. Morris
                                                Attorneys for Defendants,
                                                REGINALD B. RINGGOLD, III
                                                and BLOCKVEST LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

The Local Rules of the United States District Court for the Southern District of California state that an attorney may not withdraw as counsel except by leave of the court. Southern District of Cal. L. R. 83.3(f)(3). L.R. 83.4 further requires counsel to comply with the California Rules of Professional Conduct. As such, Corrigan & Morris LLP and Stanley C. Morris (collectively "C&M") seek an order permitting it to withdraw as attorney of record for Defendants Reginald B. Ringgold, III and Blockvest LLC (collectively "Defendants").

California Professional Rule of Conduct Rule 1.16 (a)(2) requies counsel to withdraw if the lawyer knows or reasonably should know that he representation will result in a violation of the California Rules of Professional Conduct. C&M reasonably believe that continued representation of the Defendants would cause C&M to violate the Rules of Professional Conduct. See Morris Decl. ¶ 16. California Professional Rule of Conduct Rule 1.16 (b) provides, among other things, that a lawyer may withdraw from representing a client if the client's conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively; or if the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation. Further, 1.16(d) requires the lawyer to take reasonable steps to prevent foreseeable prejudice to the client such as providing sufficient notice to permit the client to retain new counsel.

C&M seeks leave of the Court to withdraw as Defendants have created a conflict of interest when they breached the client engagement agreement by: (i) failing to make payments when due C&M; and (ii) engaging in conduct, such as instructing the undersigned to file documents with the Court that do not meet FRCP Rule 11 standards, that renders it impossible to carry out representation consistent with California Rules of Professional Conduct. C&M has given the client more than

3

*two-weeks'* notice to locate replacement counsel, but Defendants have not provided C&M with replacement counsel. There will be no harm to the Plaintiff as the case was filed a little more than two-months ago and no trial date or a scheduling order is in place. Ct. Dkt. # 1.

## I. **Facts**

Defendants engaged C&M, on October 16, 2018, by executing an engagement agreement. Paragraph 11 of that engagement agreement states:

> **Termination**. You should know that either of us has the right to terminate our representation at any time by giving reasonable advance written notice of such decision. You also agree that we shall be under no obligation to undertake or continue services on any matter (a) if we deem such services to be in conflict with the interest of another client or with legal ethics, (b) your conduct renders it unreasonably difficult for us to carry out our employment effectively, or (c) if you fail to make any payment to the firm when due.

C&M has grounds to terminate under paragraph 11, sections a, b and c of the foregoing engagement agreement. See, Declaration of Stanley C. Morris ("Morris Decl."), at ¶ 3. The same paragraph 11 states: "You agree to take steps to effectuate this termination, including the execution of any necessary documents to complete our withdrawal or discharge." *Id.* The Defendants have not so cooperated or stipulated in our termination or withdrawal. Thus, Defendants have breached the conduct and financial obligations of the agreement. *Id.*

Since October 16, 2018, C&M worked diligently under emergency circumstances to represent Defendants in connection with Court ordered expedited discovery, and the preparation of substantial court filed documents and argument before this Court in furtherance a successful opposition to the SEC's Application for Preliminary Injunction and responding to the Court's Order for Expedited Discovery. Ct Dkt. 6; Morris Decl. ¶ 4. Under the expedited discovery ordered by the Court, the undersigned counsel personally assisted the Defendants throughout the representation, including (a) representing Defendants at two depositions; (b)

4

responding to interrogatories; (c) responding to document requests; (d) preparing an ex-parte request for evidentiary hearing; (e) assisting in the preparation of extensive evidentiary objections; and (f) traveling to San Diego to argue the opposition to the SEC's Application for Preliminary Injunction. *Id.* Both partners at C&M, Stanley Morris and Brian Corrigan, assisted in many of these endeavors and attended the preliminary injunction. *Id*. and Ct. Dkt. # 37.

On November 27, 2018, the Court denied the SEC's application for a preliminary injunction. Morris Decl. ¶ 5 and Court Dkt. # 41.

C&M is proud of the work it has done for the Defendants in this case and for the results obtained for them. C&M seeks to withdraw from the representation regrettably, and only after Defendants have made abundantly clear that such withdrawal was an ethical and practical necessity. Morris Decl. ¶ 6.

Out of an abundance of caution, C&M has refrained from providing the Court with the details of the communications with the client that make it necessary for C&M to terminate the engagement. However, between November 27, 2018 and the date of this filing, there has been a complete breakdown in the attorney-client relationship. Morris Decl. ¶ 7.

Defendants have levied serious accusations against the undersigned counsel and C&M in writing and verbally, on top of failing and refusing to abide by the clear payment and conduct obligations set forth in the engagement agreement. In addition, Defendants have announced they are not obligated to comply with and do not intend to comply with the payment obligations going forward. Morris Decl. ¶ 8.

Defendants have instructed counsel to file certain documents that such clients prepared without the benefit of counsel, and that, upon review, fall far short of the professional standards required by the Court of my firm. Morris Decl. ¶ 9. C&M refused to sign and file these papers with the Court and could not certify them as appropriate papers in compliance with their duties under FRCP Rule 11. *Id.* The

Defendants even attempted to file such documents with this Court without C&M's permission or signature, but such papers were rejected by the Court Clerk. *Id*.

Defendants have exhausted their legal retainer and have failed to make payments when due and announced their intention not to comply with their payment obligations in the future. Morris Decl. ¶ 10.

On December 10, 2018, C&M partner, Stanley C. Morris, notified the Defendants via email, in an exchange which verified Defendants' receipt of such email, that pursuant to California Rule of Professional Conduct 1.16, Defendants must find substitute counsel within two-weeks, or C&M would seek formally to withdraw as their counsel from this case. Morris Decl. ¶ 11.

On December 11, 2018, C&M reminded the Defendants via email to Mr. Ringgold of the upcoming deadline to substitute C&M out of the case with new counsel and urging him to immediately hire replacement counsel. Morris Decl. ¶ 12. Mr. Ringgold replied to the email disputing C&M's right to terminate the engagement. *Id*. C&M replied to him advising that he would have **two-weeks** to locate replacement counsel and, if not, C&M would bring a motion to withdraw. *Id.*

C&M continued to work on the case, including preparing an extensive Answer to the Securities and Exchange Commission's lengthy Complaint, because such answer was due on or around December 20, 2018. Morris Decl. ¶ 13.

On December 14, 2018, C&M sent another email reminding Mr. Ringgold of the need to find replacement counsel and enclosed an executed substitution form. Morris Decl. ¶ 14.

At my clients' direction, on December 17, 2018, notwithstanding the breakdown in client relationship and my December 10, 2018 notice to Defendants, C&M sought to protect Defendants' interest and C&M filed an Answer and Affirmative Defenses to the SEC's twenty-seven page Complaint (163 paragraphs) on December 17, 2018, a copy of which had been sent to the client on December 10, 2018. Morris Decl. ¶ 29. C&M also sent a copy of the filed Answer to Mr. Ringgold

1 and reminded him that C&M would file a motion to withdraw if replacement counsel
2 had not substituted into the case before the stated deadline. Morris Decl. ¶¶ 11, 15.

The undersigned counsel believes in good faith that neither he nor his firm can continue to represent Defendants while complying with California Rules of Professional Responsibility. Morris Decl. ¶ 16.

It is still very early in the case and no scheduling order or trial date has been set by this Court yet. I have served a copy of these papers on the Defendants as described in the proof of service filed herewith. Morris Decl. ¶ 17 and Ct Dkt. # 1.

## II. Legal Argument

The Local Rules of this Court and the Rules of Professional Conduct of the State Bar of California govern this Motion. Specifically, Local Rule 83.3(f)(3) of the U.S. District Court for the Southern District of California provides that an attorney must obtain leave of court in order to withdraw as counsel and must make a written application which gives notice to the client and all other parties who have appeared in this action. Here, C&M provided all the parties and the Defendants with seventeen days advance notice of its intention to withdraw. Morris Decl. ¶ 11. In addition, C&M provided notice to the Defendants of the consequences of such withdraw, including that a corporate entity cannot be pro se.

Further Local Rule 83.4 provides that the California standards of professional conduct are adopted as the standards of professional conduct of the Court and that all attorneys must be familiar and in compliance with all requirements thereof. Accordingly, California Rule of Professional Conduct 1.16, which pertains to the withdrawal of counsel, governs C&M's instant motion to withdraw before this Court.

Here, C&M has complied with Rule 1.16(d) by providing the Defendants with substantial notice and allowing sufficient time for employment of other counsel. Morris Decl. ¶¶ 11-14.

Once the foregoing requirement has been met, Rule 1.16 compels and authorizes an attorney to withdraw as counsel of record for a client on multiple

7

grounds that apply in this case. Specifically, Rule 1.16(a)(2) compels a lawyer to withdraw if the lawyer knows or reasonably should know that the representation will result in violation of these rules of the State Bar Act. Here, C&M has a conflict of interest as a result of the Defendants' insistent that counsel file documents that counsel do not believe are consistent with FRCP Rule 11. Such direction creates a conflict of interest that compels C&M to withdraw as counsel under 1.16(a). C&M has concluded in good faith that it cannot continue to represent Defendants in compliance with the rules of professional conduct. Morris Decl. ¶ 16. Further, Rule 1.1.6(b)(4) provides that an attorney may withdraw as counsel for a client if that client's conduct makes it "unreasonably difficult for the member to carry out the employment effectively." In light of the fact that Defendants have maliciously attacked Stanley Morris and levied serious ethical allegations against him and attempted to file documents with the court without counsel's authorization, it follows that it would be unreasonably difficult for Counsel to continue to represent the Defendants in this matter. Morris Decl. ¶¶ 7, 8, and 9.

Further Rule 1.16(b)(5) provides that an attorney may withdraw if a client breaches an agreement or obligation to the member as to expenses and fees. The Defendants are in breach of their agreement to make certain payments required under the engagement agreement and have announced their refusal to do so in the future. Morris Decl. at ¶ 8.

Finally, in ruling on a motion to withdraw, courts generally consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Irwin v. Mascott*, No. 97-4737, 2004 U.S. Dist. LEXIS 2826t4 at 4 (N. D. Cal. Dec. 1, 2004); *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238 1, 3-4 (E. D. Cal. January 13, 2009). "Courts have also held that the failure to pay attorneys' fees may be grounds for withdrawal." *Id.* at 4.

Considering these facts, C&M is simply not able to effectively represent the Defendants. Morris Decl. ¶ 16. Further, C&M's withdrawal will not cause prejudice to other litigants, harm the administration of justice, or delay resolution of the case. Indeed, the case was filed on October 3, 2018. Ct Dkt. #1. Moreover, no scheduling order or trial date has been set. Morris Decl. ¶ 17.

To ensure compliance with California Rule of Professional Conduct Rule 1.16(d), C&M provided Defendants with ample opportunity to find replacement counsel. Morris Decl. ¶ 11. On December 10, 2018, C&M advised the Defendants in writing that they were not in compliance with a material term of their agreement with C&M and the verbal accusations toward C&M, and directions to file cross claims and other documents that C&M believed would violate Rule 11 created a conflict of interest that made C&M's representation impossible and impermissible under California Rules of Conduct. Morris Decl. ¶ 8.

Since at least December 10, 2017, Defendants have refused to comply to make payments due under the engagement and even if they did comply with the payment terms, C&M would be unable to continue to represent Defendants based on the break down in the relationship, instructions to files documents that would violate Rule 11, and the serious accusations made against C&M regarding their professional actions and Defendants' conduct. Morris Decl. ¶¶ 8, 9, 10, and 12.

### III. <u>CONCLUSION</u>

For the foregoing reasons, C&M respectfully requests that the Court allow it to withdraw as counsel of record for the Defendants Reginald B. Ringgold and Blockvest LLC. C&M served a copy of these papers on the Defendants as described in the proof of service filed herewith.

Dated: December 27, 2018             Respectfully submitted,

                                     CORRIGAN & MORRIS, LLP

                                     By: <u>/s/ Stanley C. Morris</u>