**CORRIGAN & MORRIS, LLP**
Brian T. Corrigan (Cal Bar No. 143188)
bcorrigan@cormorllp.com
Stanley C. Morris (Cal Bar No. 183620)
scm@cormorllp.com
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025
Telephone: (310) 394-2800
Facsimile: (310) 394-2825

*Attorneys for Defendants*
BLOCKVEST, LLC and REGINALD BUDDY RINGGOLD, III aka RASOOL ABDUL RAHIM EL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKVEST, LLC, and REGINALD BUDDY RINGGOLD, III aka RASOOL ABDUL RAHIM EL,<br><br>Defendants. | Case No.: 18-CV-2287-GPC (MSB)<br><br>**DECLARATION OF STANLEY C. MORRIS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL TO DEFENDANTS BLOCKVEST, LLC, AND REGINALD BUDDY RINGGOLD**<br><br>**Date: March 8, 2019**<br>**Time: 1:30 p.m.**<br>**Place: Courtroom 2D (2nd Floor - Schwartz), Suite 2190**<br>**221 West Broadway**<br>**San Diego, CA 92101**<br><br>**Judge:   Hon. Gonzalo P. Curiel**<br><br>Complaint Filed:<br>OCTOBER 3, 2018 |

1

I, Stanley C. Morris, declare as follows:

1. I am an attorney at law duly admitted to practice before the Courts of the State of California and the United States District Court, Southern District of California. I am a partner at the law firm of Corrigan & Morris LLP (C&M), counsel of record for defendants Blockvest, LLC and Reginald Buddy Ringgold, III (collectively "Defendants"), in this action.

2. The facts stated in this declaration are known to me personally, and I would and could competently testify there if called as a witness. This declaration is filed under Local Rules 83.3 (f)(3) and 83.4 of the U.S. District Court for the Southern District of California, seeking an order from this Court granting my request that C&M and its lawyers, Brian T. Corrigan and I, be relieved as counsel Defendants.

3. Defendants engaged C&M on October 16, 2018, by executing an engagement agreement. Paragraph 11 of that engagement agreement states:

> **Termination**. You should know that either of us has the right to terminate our representation at any time by giving reasonable advance written notice of such decision. You also agree that we shall be under no obligation to undertake or continue services on any matter (a) if we deem such services to be in conflict with the interest of another client or with legal ethics, (b) your conduct renders it unreasonably difficult for us to carry out our employment effectively, or (c) if you fail to make any payment to the firm when due.

C&M has grounds to terminate under paragraph 11, sections a, b and c of the foregoing engagement agreement, and consistent with California Rule of Professional Conduct 1.16. The same paragraph 11 states: "You agree to take steps to effectuate this termination, including the execution of any necessary documents to complete our withdrawal or discharge." The Defendants have not so cooperated or stipulated in our termination or withdrawal. Thus, Defendants have breached the conduct and financial obligations of the agreement.

2

4. Since October 16, 2018, C&M worked diligently on an emergency basis to represent Defendants in connection with Court ordered expedited discovery, and the preparation of substantial court filed documents and argument before this Court in furtherance a successful opposition to the SEC's Application for Preliminary Injunction. I personally assisted the Defendants throughout the representation, including: (a) representing Defendants at two depositions; (b) responding to interrogatories; (c) responding to document requests; (d) preparing an *ex-parte* request for evidentiary hearing; (e) assisting in the preparation of extensive evidentiary objections; and (f) traveling to San Diego to argue the opposition to the SEC's Application for Preliminary Injunction. My partner, Brian Corrigan, assisted in many of these endeavors and attended the preliminary injunction with me.

5. On November 27, 2018, the Court denied the SEC's application for a preliminary injunction.

6. I am proud of the work we have done for the Defendants in this case and for the results obtained for them. C&M seeks to withdraw from the representation regrettably, and only after Defendants have made abundantly clear that such withdrawal was an ethical and practical necessity.

7. Out of an abundance of caution, I will refrain from providing the Court the details of the communications that I have had with our client that make it necessary for C&M to terminate the engagement. However, I believe I can say, without jeopardizing the attorney-client privilege, that between November 27, 2018, and the date of this declaration, there has been a complete breakdown in the attorney-client relationship.

8. Defendants have levied serious accusations against me and my firm in writing and verbally, on top of failing and refusing to abide by the clear payment and conduct obligations set forth in the engagement agreement and instructing that I make filings with the Court that are not consistent with my ethical duties and Rule 11 of the

FRCP. In addition, Defendants have announced they are not obligated to comply with and do not intend to comply with the payment obligations going forward.

9. Defendants have instructed counsel to file certain documents that such clients prepared without the benefit of counsel, and that, upon review, fall far short of the professional standards required by the Court of my firm. I have not and would not sign and file these papers with the Court and could not certify them as appropriate papers in compliance with my duties under Rule 11. The Defendants even attempted to file such documents with this Court without my permission or signature, but such papers were rejected by the Court Clerk.

10. Defendants have exhausted their legal retainer, and have failed to make payments when due, and announced their intention not comply with payment obligations in the future.

11. On December 10, 2018, I notified the Defendants via email, in an exchange which verified Defendants' receipt of such email, that pursuant to California Rule of Professional Conduct 1.16, my firm must terminate the engagement and Defendants had **two-weeks** to find substitute counsel. If Defendants did not find substitute counsel, then I would seek the Court's permission to withdraw. I also attached a copy of the draft answer and affirmative defenses to the complaint that we were prepared to file if replacement counsel were not located by the December 17, 2018, the response date stipulated to with Plaintiff.

12. On December 11, 2018, I reminded the Defendants via email to Mr. Ringgold of the upcoming deadline to substitute C&M out of the case with new counsel. Mr. Ringgold replied to that email disputing C&M's right to terminate the engagement. I replied to him advising that he would have *two-weeks* to locate replacement counsel and, if not, I would bring a motion to withdraw.

13. I continued to work on the case, including preparing an extensive Answer and Affirmative Defenses to the Securities and Exchange Commission's lengthy Complaint, because such answer was due on or around December 20, 2018.

4

14. On December 14, 2018, I sent an email reminding Mr. Ringgold of the need to find replacement counsel and enclosed an executed substitution of counsel form for his convenience. Mr. Ringgold responded with threats against me.

15. At my clients' direction, on December 17, 2018, notwithstanding the breakdown in client relationship and my December 10, 2018 notice to Defendants, I sought to protect Defendants' legal interest, and I filed an Answer with Affirmative Defenses to the SEC's Complaint on December 17, 2018. I also sent a copy of the Answer and Affirmative Defenses to Mr. Ringgold and reminded him that my firm would file a motion to withdraw if replacement counsel had not substituted into the case by the deadline or approximately December 24, 2018.

16. The undersigned counsel believes in good faith that neither he nor his firm can continue to represent Defendants while complying with California Rules of Professional Responsibility and therefore further representation is impermissible under the California Rules of Conduct.

17. It is still very early in the case and no scheduling order or trial date has been set by this Court yet. I have served a copy of these papers on the Defendants as described in the proof of service filed herewith.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in Los Angeles, California this 27th day of December 2018.

/s/Stanley C. Morris