**CORRIGAN & MORRIS, LLP**
Brian T. Corrigan (Cal Bar No. 143188)
bcorrigan@cormorllp.com
Stanley C. Morris (Cal Bar No. 183620)
scm@cormorllp.com
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025
Telephone: (310) 394-2800
Facsimile: (310) 394-2825

*Attorneys for Defendants*
BLOCKVEST, LLC, and REGINALD
BUDDY RINGGOLD, III

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKVEST, LLC, and REGINALD BUDDY RINGGOLD, III aka RASOOL ABDUL RAHIM EL,<br><br>Defendants. | Case No.: 18-CV-2287(GPC)(MSB)<br><br>***EX-PARTE* APPLICATION FOR (1) AN ORDER SHORTENING TIME ON CORRIGAN & MORRIS LLP'S MOTION TO WITHDRAW AND (2) AN ORDER STAYING CASE AND TOLLING DEFENDANTS' OBLIGATIONS UNTIL MOTION TO WITHDRAW IS RESOLVED**<br><br>Complaint Filed: October 3, 2018<br><br>**Date:**<br>**Time:**<br>**Place: Courtroom 2 D**<br>**221 West Broadway**<br>**San Diego, CA 92101**<br><br>**Judge:  Hon. Gonzalo P. Curiel**<br><br>**Trial Date: NOT SET** |

CORRIGAN & MORRIS LLP'S *EX-PARTE APPLICATION* *18 CV 2287-GPC (MSB)*

1

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD**:

Pursuant to Local Rule 7.1.5, Defendants' counsel, Corrigan & Morris LLP ("C&M), hereby applies to this Court, ex-parte, to advance the hearing on its motion to withdraw and to stay the case and toll all of Defendants' deadlines and hearing obligations until after the motion to withdraw is resolved.

Good cause exists for granting this application because:

1. **As detailed in C&M's motion to withdraw, the defendants have breached the financial and conduct obligations under the engagement agreement. C&M is unable to finance the defense or work effectively with the clients on their defense due to their conduct.**

2. On December 10, 2018, C&M notified Defendants that it must obtain replacement counsel.

3. Defendants engaged C&M on October 16, 2018, by executing an engagement agreement. Paragraph 11 of that engagement agreement states:

> Termination. You should know that either of us has the right to terminate our representation at any time by giving reasonable advance written notice of such decision. You also agree that we shall be under no obligation to undertake or continue services on any matter (a) if we deem such services to be in conflict with the interest of another client or with legal ethics, (b) your conduct renders it unreasonably difficult for us to carry out our employment effectively, or (c) if you fail to make any payment to the firm when due.

C&M has grounds to terminate under paragraph 11, sections a, b, and c of the preceding engagement agreement, and consistent with California Rule of Professional Conduct 1.16. The same paragraph 11 states: "You agree to take steps to effectuate this termination, including the execution of any necessary documents to complete our withdrawal or discharge." The Defendants have not so cooperated or stipulated in our

termination or withdrawal. Thus, Defendants have breached the conduct and financial obligations of the agreement.

4. On November 27, 2018, the Court denied the SEC's application for a preliminary injunction. (Ct. Dk 41)

5. C&M is proud of the work we have done for the Defendants in this case and for the results obtained for them. C&M seeks to withdraw from the representation regrettably, and only after Defendants have made abundantly clear that such withdrawal was an ethical and practical necessity.

6. After first consulting with the California State Bar Ethics Hotline, on December 10, 2017, C&M advised the Defendants that their conduct and breach of the financial obligations under the engagement agreement required that C&M terminate the engagement and that they find new substitute counsel. Given the December 20, 2018 deadline to answer, and in compliance with California Rule of Professional Conduct 1.16, **C&M** prepared a thorough Answer and Affirmative Defenses to the SEC's twenty-two-page (163 paragraph) complaint and reminded my clients the Answer was due on December 17, 2018.

7. On December 11, 2018, C&M reminded the Defendants via email to Mr. Ringgold of the upcoming deadline to substitute C&M out of the case with new counsel and urged him to immediately hire replacement counsel. C&M expressly warned him via email, advising that he would have two-weeks to locate replacement counsel and, if not, C&M would bring a motion to withdraw. Mr. Ringgold's receipt of such emails were confirmed by his replies to them.

8. On December 14, 2018, C&M sent an email reminding Mr. Ringgold of the need to find replacement counsel and enclosed an executed substitution of counsel form for his convenience.

9. At Defendants' direction, on December 17, 2018, notwithstanding the breakdown in client relationship and C&M's December 10, 2018 notice to Defendants, C&M sought to protect Defendants' legal interest, and filed an Answer

CORRIGAN & MORRIS LLP'S *EX-PARTE APPLICATION*  *18 CV 2287-GPC (MSB)*
3

with Affirmative Defenses to the SEC's Complaint on December 17, 2018. C&M also sent a copy of the filed Answer and Affirmative Defenses to Mr. Ringgold and reminded him that C&M would file a motion to withdraw if replacement counsel had not substituted into the case by the deadline or approximately December 24, 2018.

10. On December 17, 2018, the Plaintiff filed a twenty-two-page motion asking the Court to reconsider its November 27, 2018 order denying the Plaintiff's request for a preliminary injunction (Ct Dk 41 and 44).

11. The two-weeks came and passed and C&M was not substituted out of the case, as requested. Accordingly, C&M called the Court Clerk on December 27, 2018 to secure the earliest possible hearing date. The date provided was March 8, 2019.

12. Between today and March 8, 2019, several matters would require the Defendants' and their counsel's work and participation:

    a. January 10, 2019, deadline for conference of counsel under FRCP 26(f);

    b. January 11, 2019, Defendants opposition to the Motion for Reconsideration is due per the Court's scheduling Order;

    c. February 8, 2019, the hearing on the Plaintiff's motion for reconsideration is set to go forward;

    d. February 11, 2019, the Early Neutral Evaluation Conference and Case Management Conference before the Magistrate Judge; and

    e. Unknown additional discovery demands and motions to be propounded by Plaintiff.

C&M cannot afford to finance Defendants' case and should not be compelled to endure Defendants' conduct by remaining Defendants' counsel for each and all of these matters. C&M's motion to withdraw should be advanced and the case stayed pending resolution of such motion.

13. The undersigned counsel believes in good faith that neither he nor his firm can continue to represent Defendants while complying with California Rules of Professional Responsibility and therefore further representation is impermissible under the California Rules of Conduct.

14. C&M requested that the Plaintiff stipulate and file a joint motion to extend the date of Defendants response until after the Court heard my firm's motion to withdraw, but the SEC counsel declined my request. C&M advised the SEC that C&M would be bringing this ex-parte motion and my understanding is that the SEC will oppose it.

15. **Good cause exists for an order shortening time for the hearing on counsel's motion to withdraw because, as explained in counsel's motion to withdraw and counsel's declaration, counsel is compelled to withdraw under California Rules of Professional Responsibility and counsel should not be put to the burden of responding to motions and continuing to work without compensation under circumstances where Defendants' conduct has made such engagement exceptionally difficult.**

This ex-parte application is supported by this application, the declaration of Stanley C. Morris, attached hereto, Corrigan & Morris LLP's motion to withdraw (Ct Dk 47), and the Declaration of Stanley C. Morris in support of Corrigan & Morris LLP's Motion to Withdraw (Ct Dk 47-1), the attached Memorandum of Points and Authorities, and such other evidence and arguments as may be presented at any hearing on this matter.

Wherefore, Corrigan & Morris LLP respectfully asks that the Court enter an order advancing its Motion to Withdraw, and staying all proceedings in the case and tolling all of the Defendants' response deadlines pending resoluton of the Motion to Withdraw.

CORRIGAN & MORRIS LLP'S *EX-PARTE APPLICATION* 18 CV 2287-GPC (MSB)
5

Dated: December 28, 2018

/s/ Stanley C. Morris
Corrigan & Morris LLP
Counsel for Blockvest, LLC, and
Defendants Reginald Ringgold