AMY J. LONGO (Cal. Bar No. 198304)
Email: longoa@sec.gov
DAVID S. BROWN (Cal. Bar No. 134569)
Email: browndav@sec.gov
BRENT W. WILNER (Cal. Bar No. 230093)
Email: wilnerb@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission

Robert A. Cohen, Unit Chief (Cyber Unit)
Headquarters
100 "F" Street, N.E.
Washington, District of Columbia 20549

Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKVEST, LLC and REGINALD BUDDY RINGGOLD, III a/k/a RASOOL ABDUL RAHIM EL,<br><br>Defendants. | Case No. 3:18-cv-02287-GPC-MSB<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO *EX PARTE* APPLICATION FOR (1) AN ORDER SHORTENING TIME ON CORRIGAN & MORRIS LLP'S MOTION TO WITHDRAW AND (2) AN ORDER STAYING CASE AND TOLLING DEFENDANTS' OBLIGATIONS UNTIL MOTION TO WITHDRAW IS RESOLVED (Dkt. No. 48)**<br><br>Place: United States Courthouse<br>221 West Broadway<br>Courtroom 2D (Schwartz)<br>San Diego, CA 92101<br><br>Judge: Hon. Gonzalo P. Curiel |

1 | I.  **<u>INTRODUCTION</u>**

Pending before the Court are two requests by the attorneys for Defendants Blockvest LLC and Reginald Buddy Ringgold: a request to withdraw as defense counsel, and a request to stay this action in its entirety, while shortening the time for their withdrawal motion to be heard. Dkt. Nos. 47-48. Although plaintiff Securities and Exchange Commission ("SEC") does not oppose counsel's withdrawal, it does oppose counsel's request to withdraw being heard prior to the SEC's pending motion for reconsideration. Dkt. No. 44.

The grounds for Corrigan & Morris's ("C&M's") withdrawal motion vividly illustrate the need for the Court to address the SEC's reconsideration motion with no delay. Just one month ago, this Court denied the SEC's application for a preliminary injunction, based in part on Defendants' vows, through their counsel, to stop misleading the public by claiming that their initial coin offering was registered with and/or approved by the SEC. Since then, according to defense counsel, there has been a "complete breakdown" of the attorney-client relationship. As one glaring example, the Defendants instructed their lawyers to file documents that they themselves prepared and that would have violated their counsel's ethical duties and Federal Rule of Civil Procedure Rule 11. When defense counsel refused, Defendants apparently tried to circumvent counsel and file the documents themselves, without their attorneys' permission or signature, but were thwarted by the court clerk. In other words, C&M apparently has no control over Defendants' actions in this case.

Counsel's requested withdrawal and the circumstances that underlie it call into serious doubt Defendants' promises to stop their fraudulent offering—which, as the Court's order observed, came about only after they retained counsel. In its reconsideration motion, the SEC respectfully asked the Court to look again at its decision to deny a preliminary injunction because, in the SEC's view, Defendants' promise to stop their ICO was an empty promise from an admitted fraudster—one that, absent an enforceable order, could easily be broken. That promise was made

through counsel, and the risk that it will not be kept has become a reality, now that defense counsel clearly has no control or influence over the Defendants' actions.

With the SEC's motion for partial reconsideration pending, defense counsel have asked the Court to stay the SEC's entire case—including its reconsideration motion. Nothing in counsel's motion suggests that the Defendants themselves even support a stay of the action. The SEC asks the Court to deny counsel's *ex parte* application, and instead hear their withdrawal motion at the time the SEC's motion to reconsider is to be heard, on February 8, 2018.

## II. BACKGROUND

The SEC brought this emergency enforcement action in early October 2018, to halt Defendants' ongoing misrepresentations to the public regarding their widely advertised Blockvest ICO, which was then planned for December 2018. *See generally* Dkt. No. 3. Among other things, Defendants misrepresented that their BLV tokens were "registered" with and "approved by the SEC," using the SEC's seal to promote their offering—including through their make-believe imitation regulator, the BEC, or "Blockchain Exchange Commission." *Id.*

The Court entered a TRO and order to show cause on October 5, 2018. Dkt. No. 6. Defendants opposed the preliminary injunction. Dkt. No. 23. At the November 16th hearing, the SEC introduced evidence that Defendants, as soon as they learned of the TRO and while continuing to advertise their ICO to the public, took to social media with a slew of additional false statements, including claiming to have been "hacked;" claiming that they were in fact registered with the SEC; and claiming that the SEC had brought no claims against them. *See* Dkt. No. 27 at 4-5.

On November 27, 2018, the Court denied the preliminary injunction. The Court cited (1) disputed fact issues as to whether Defendants' ICO was a securities offering; and (2) an insufficient likelihood of recurrence, noting that Defendants had not made additional misrepresentations "since they have retained counsel" and that "Ringgold, with counsel, now asserts" he will not pursue the ICO. Dkt. No. 41 at 16.

On December 17, 2018, the SEC moved for partial reconsideration of the Court's order, seeking solely a preliminary injunction against Defendants' future violations of the antifraud provisions of Section 17(a) of the Securities Act. Dkt. No. 44. The reconsideration motion (currently set to be heard on February 8th), is based on two apparent legal errors under Ninth Circuit law: first, that in considering whether Defendants offered a security, the order disregarded the fraudulent promotion Defendants offered to the public at large; and second, that in considering whether Defendants' violations were reasonably likely to recur, the order unduly credited their promises, only after they had been sued and retained counsel, to stop violating the law.

On December 27, 2018, exactly one month after the Court denied the preliminary injunction, C&M moved to withdraw. Dkt. No. 47. Beyond Defendants' refusal to pay counsel's fees, C&M's motion cites a "complete breakdown in the attorney-client relationship," starting on the day that the Court denied the preliminary injunction. Dkt. No. 47-1 [Morris Decl. ¶¶ 7, 10]. C&M alleges that Defendants have made "serious accusations" against counsel verbally and in writing; that they instructed C&M to make filings that were inconsistent with counsel's ethical duties and Fed. R. Civ. P. Rule 11; and that they prepared and attempted to file themselves court documents that defense counsel refused to sign and file—without defense counsel's permission or signature. *Id.* ¶¶ 8-9. C&M states that Defendants were notified of counsel's intent to withdraw multiple times starting on December 10th, yet failed to retain substitute counsel—instead "respond[ing] with threats" against counsel when faced with counsel's withdrawal request. *Id.* ¶¶ 11, 14.

Defense counsel's *ex parte* application asks to shorten time on the withdrawal motion (currently set to be heard March 8th), and to stay the case until the withdrawal motion is resolved. Dkt. No. 48-1. The application does not state that Defendants themselves seek a stay; rather, C&M does not want to "finance the Defendants' case" or be "compelled to endure Defendants' conduct." *Id.* ¶ 14.

3

## III. C&M'S MOTION TO WITHDRAW SHOULD BE HEARD WITH THE SEC'S RECONSIDERATION MOTION

The SEC asks the Court to deny C&M's request to expedite its withdrawal application and to stay this case, and instead to set the withdrawal request for hearing on the same date as the SEC's pending reconsideration motion.

### A. Staying the Motion for Reconsideration While the Withdrawal Motion is Pending Poses a High Risk that Defendants Will Resume Their Fraudulent Offering

C&M's motion does not satisfy their burden to show good cause for a stay. The burden to establish grounds for a stay lies with the moving party. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In deciding whether to grant a stay, courts must weigh competing interests that will be affected by the granting of or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

One of the two underpinnings of the Court's denial of a preliminary injunction—Defendants' promise, through counsel, to cease their violations—has been called into serious doubt by C&M's withdrawal motion and the conduct on which it is based. As the SEC's motion for reconsideration sets forth, a defendant's mere promise to cease his violative activity, under Ninth Circuit law, does not provide grounds for denial of a preliminary injunction, since any defendant could then avoid an injunction by such unenforceable promises. Dkt. No. 44 at 23-25. The SEC has asked the Court to reconsider this aspect of its ruling, and the SEC's motion is set to be heard in early February.

C&M now proposes to freeze the reconsideration motion in time. Such a request, given the conduct that its motion describes, only serves to demonstrate why

the SEC's reconsideration motion should be granted in this respect. C&M's withdrawal motion reveals that Defendants are completely uncontrolled by counsel, and have even attempted to circumvent court procedures by filing documents in this action without counsel's permission or signature, which counsel had refused to file on ethical grounds. If counsel's motion to withdraw is granted while the reconsideration motion remains in abeyance, then there will be even less reason to believe Defendants' promises to refrain from their fraudulent offering—since even in the past month while still represented by counsel, Defendants have tried to countermand both their counsel's ethical obligations and this District's Local Rules. *See* S.D. L.R. 83.3(f)(1).[1] Therefore, C&M's request should be denied.

That Defendants' proclivities for false statements had been reined in by the presence of counsel was a key basis for the Court's ruling. The Court expressly noted that "Plaintiff has not presented any misrepresentations by Defendants since they have retained counsel….While there is evidence that Ringgold made misrepresentations shortly after the complaint was filed and prior to having retained counsel, Ringgold, with counsel, now asserts he will not pursue the ICO..." Dkt. No. 41 at 16. The Court also noted that "By agreeing to stop any pursuit of the ICO, [Defendants do] not oppose the preliminary injunction concerning compliance with federal securities laws." *Id.* But that agreement depended on Defendants' promise to give notice, through counsel, should their intentions change. *See* Transcript of Nov. 16, 2018 Hearing at 27:9-21 (arguing that Defendants and counsel would provide thirty days' notice to the SEC if Defendants planned to resume their ICO). Defendants themselves have also emphasized their representation of counsel as

---

[1] S.D. Local Rule 83.3(f)(1) provides that "Whenever a party has appeared by an attorney, the party may not afterwards appear or act in the party's own behalf in the action, or take any step in that action, unless an order of substitution has first have been made by the court, after notice to the attorney of such party, and to the opposite party; provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that the party has appeared, or is represented by an attorney."

5

important to why a preliminary injunction should not issue. *See* Dkt. No. 21 [Ringgold Decl. ¶ 26] (averring that Defendants had "retained counsel with substantial experience representing defendants in SEC actions, one of whom previously worked for the SEC, and have instructed counsel to comply, to the extent possible, with the TRO").

Far from being in a position to ensure that Defendants' promises to the Court are honored, C&M's motion reveals that counsel are completely at odds with Defendants, and have been for over a month. Dkt. 47-1 at ¶ 7 ("[B]etween November 27, 2018, and the date of this declaration, there has been a complete breakdown in the attorney-client relationship"). Defendants, according to C&M, have made "serious accusations" against counsel "in writing and verbally"; have "refus[ed] to abide" by the "conduct obligations" in the engagement agreement; have instructed C&M to file documents that would violate Rule 11 and counsel's ethical duties; and have even tried to do an end-run around counsel by filing such documents without counsel and without counsel's consent. *Id.* ¶¶ 7-9. Defendants moreover threatened counsel when they sought to withdraw. *Id.* ¶ 14.

Given Defendants' past uncontested misrepresentations, and the significance Defendants' retention of counsel as context for their recent promises to obey the law, C&M's requested stay would unduly and prejudicially delay the SEC's motion for reconsideration, and should be denied. *See, e.g., Barton v. District of Columbia*, 209 F.R.D. 274 (D.D.C. 2002) (denying motion to stay proceedings based on withdrawal of counsel, finding that it would be "unfair" and cause "unnecessary delay"). To defer the SEC's reconsideration motion and address counsel's request in isolation would unfairly delay the Court's review of whether to revisit the request for injunctive relief. Instead of tolling the SEC's motion while it decides the request to withdraw, the Court should set both motions on the same schedule, so that it may consider the reconsideration motion at the same time that it addresses whether the actions of Defendants justify permitting counsel to withdraw.

6

**B.     Defendants Would Not Be Prejudiced by the Absence of a Stay**

C&M has also failed to show that any prejudice to Defendants would result from the absence of a stay. Defendants may either retain new counsel in this action, or Defendant Ringgold can proceed *in pro per*. Nothing in C&M's motion suggests that Defendants themselves—whom defense counsel apparently no longer speak for—are even seeking a stay of the reconsideration motion or the action in general, or whether they wish for the case to proceed.

Unlike in criminal cases, in SEC enforcement actions, an individual defendant has no right to counsel. *See, e.g., SEC v. Current Fin. Servs.*, 62 F.Supp.2d 66, 67 (D.D.C.1999) (rejecting a claim that asset freeze violated constitutional right to counsel in SEC action because "the Sixth Amendment provides defendants the right to counsel only in criminal, not civil, proceedings."); *SEC v. Small Business Capital*, No. 5:12–cv–03237–EJD, 2012 WL 4472228, at *2 (N.D. Cal Sept. 26, 2012) (same). Because SEC enforcement actions can proceed whether or not an individual defendant is represented by counsel, courts in other matters have denied requests to stay made on the basis of counsel moving to withdraw. *See, e.g., SEC v. Bronson*, 246 F. Supp. 3d 956 (S.D.N.Y. 2017) (judgment entered, following denial of motion to stay upon withdrawal of counsel, "neither the withdrawal of counsel nor the bankruptcy filing warranted a delay of the Action…Defendants were instructed to appear with new counsel within 30 days" but did not); *SEC v. Newton*, No. 11–61455, 2011 WL 13217570 (S.D. Fl. Nov. 3, 2011) (denying defendant's motion to stay filed with counsel's motion to withdraw, noting that "although Defendant is now without counsel in this action following his attorney's withdrawal, he has not argued that his pro se status entitles him to a stay").

At most therefore, the Court should afford a brief continuance of the case deadlines—excluding the reconsideration motion—and order that Defendants either retain substitute counsel, or that Defendant Ringgold will be determined to be *pro se*. *See, e.g., Chaker v. Adams*, No. 10cv2599–GPC(BGS), 2012 WL

7

4848962 (S.D. Cal. Oct. 10, 2012) (denying motion to stay upon withdrawal of counsel, providing defendant 60 days to obtain new counsel or plaintiff would be deemed *pro se*).[2]

IV. **CONCLUSION**

For the foregoing reasons, the SEC respectfully requests that the Court deny C&M's *ex parte* application, and instead set its withdrawal motion to be heard on the same briefing and hearing schedule as the SEC's motion for reconsideration. The SEC does not oppose a 30-day continuance of the remaining case deadlines to afford Defendants time to seek substitute representation, if C&M's motion is granted.

Dated: December 31, 2018

/s/ *Amy Jane Longo*
Amy Jane Longo
David S. Brown
Brent W. Wilner
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

---

[2] Because corporate entities cannot appear without counsel, if C&M is permitted to withdraw and Blockvest fails to retain substitute counsel, it will be in default. *See, e.g., Laskowitz v. Shellenberger*, 107 F. Supp. 397, 397-98 (S.D. Cal. 1952) (withdrawal would be improper since the corporate defendant "can appear in court on its own behalf only through a licensed attorney").

8

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I am over the age of 18 years and not a party to this action. My business address is: |
| 3 | U.S. SECURITIES AND EXCHANGE COMMISSION, |
| 4 | 400 S. Flower Street, Suite 900, Los Angeles, California 90071<br>Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904. |
| 5 | On December 31, 2018, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO *EX PARTE* APPLICATION FOR (1) AN ORDER SHORTENING TIME ON CORRIGAN & MORRIS LLP'S MOTION TO WITHDRAW AND (2) AN ORDER STAYING CASE AND TOLLING DEFENDANTS' OBLIGATIONS UNTIL MOTION TO WITHDRAW IS RESOLVED (Dkt. No. 48)** on all the parties to this action addressed as stated on the attached service list: |

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error

I declare under penalty of perjury that the foregoing is true and correct.

Date: December 31, 2018        */s/ Amy Jane Longo*
                                              Amy Jane Longo

*SEC v. Blockvest LLC, et al.*
**United States District Court – Southern District of California**
**Case No. 3:18-cv-02287-GPC-MSB**

**SERVICE LIST**

Stanley C. Morris **(served by ECF only)**
Corrigan & Morris LLP
12300 Wilshire Blvd., Suite 210
Los Angeles, California 90025
Attorneys for Defendants Reginald Buddy Ringgold, III and Blockvest LLC