**CORRIGAN & MORRIS, LLP**
Brian T. Corrigan (Cal Bar No. 143188)
bcorrigan@cormorllp.com
Stanley C. Morris (Cal Bar No. 183620)
scm@cormorllp.com
12300 Wilshire Boulevard, Suite 210
Los Angeles, CA 90025
Telephone: (310) 394-2800
Facsimile: (310) 394-2825

*Attorneys for Defendants*
BLOCKVEST, LLC, and REGINALD
BUDDY RINGGOLD, III

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKVEST, LLC, and REGINALD BUDDY RINGGOLD, III aka RASOOL ABDUL RAHIM EL,<br><br>Defendants. | Case No.: 18-CV-2287(GPC)(MSB)<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO *EX-PARTE* APPLICATION FOR (1) AN ORDER SHORTENING TIME ON CORRIGAN & MORRIS LLP'S MOTION TO WITHDRAW AND (2) AN ORDER STAYING CASE AND TOLLING DEFENDANTS' OBLIGATIONS UNTIL MOTION TO WITHDRAW IS RESOLVED**<br><br>Complaint Filed: October 3, 2018<br><br>**Date:**<br>**Time:**<br>**Place: Courtroom 2 D**<br>**221 West Broadway**<br>**San Diego, CA 92101**<br><br>**Judge:  Hon. Gonzalo P. Curiel**<br><br>**Trial Date: NOT SET** |

REPLY TO PLAINTIFF'S OPPOSITION TO *EX-PARTE APPLICATION*    *18 CV 2287-GPC (MSB)*

1

The Plaintiff secured an *ex-parte* temporary restraining order at the commencement of this case on October 3, 2018, claiming the world would end unless the temporary restraining order was granted! More specifically, the Plaintiff claimed that the Defendants would commit a massive securities fraud if not enjoined on an *ex parte* basis *without* any notice to them or any opportunity to retain counsel. Once the Defendants' side of the story was told through the undersigned counsel at the hearing on the preliminary injunction hearing, the Court wisely denied the preliminary injunction and noted there was "no there-there." (Ct. Dk. 41). At the preliminary injunction hearing, the Court explained its reasoning in detail (Ct. Dk 41), including that it was denied because there was insufficient evidence there would be harm if the Court denied Plaintiff's application for preliminary injunction. The Defendants had never been subject to any regulatory action. The Defendants had no history of civil or criminal wrongdoing and were not presently engaged in any securities transactions.

Since the Court's November 27, 2018 Order denying the Plaintiff's request for a preliminary injunction (Ct Dk. 41), the world still has not ended! The Court was correct in finding that there would be no harm if the preliminary injunction were denied. No harm has been done. There is still no "there-there."

Despite the hysterical hyperbole offered by the Plaintiff, there has been no massive securities fraud perpetrated by the Defendants. There has been no wrongdoing by the Defendants whatsoever. Nothing has happened. There is not a shred of evidence or even argument by the Plaintiff that anything has happened since the preliminary injunction was denied. That is true despite the breakdown in the attorney-client relationship between Corrigan & Morris LLP ("C&M") and the Defendants.

The basis of Plaintiff's opposition is that C&M does not have control over the Defendants. While C&M admittedly does not have complete control over its clients, counsel never has complete control over their clients. That is not a basis for a preliminary injunction.

Where is the evidence of wrongdoing that has happened because C&M is not in control of Defendants? There is no evidence of that.

Nothing in the motion to withdraw or supporting declaration filed by the undersigned counsel should be interpreted as implying that the Defendants have been, or would be, engaged in any wrongful activities with respect to the securities laws or the Defendants' ongoing commitment to provide *at least thirty-days notice* to the Plaintiff of any securities offers and before engaging in securities transactions. The undersigned counsel has no reason to believe the Defendants would not meet that commitment.

I have confirmed with the clients in writing that they do support a stay of the action. The Plaintiff's implication to the contrary is not well founded. (Plaintiff's Opposition p. 2, lines 5-6).

Wherefore, Corrigan & Morris LLP respectfully asks that the Court enter an order advancing its Motion to Withdraw, staying all proceedings in the case, and tolling all of the Defendants' response deadlines pending resolution of the Motion to Withdraw.

Dated: January 3, 2019

*/s/ Stanley C. Morris*
Corrigan & Morris LLP
Counsel for Blockvest, LLC, and
Defendants Reginald Ringgold