# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKVEST, LLC, and REGINALD BUDDY RINGGOLD, III aka RASOOL ABDUL RAHIM EL,<br><br>Defendants. | Case No.: 18-CV-2287-GPC (MSB)<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION FOR FOR AN ORDER SHORTENING TIME ON CORRIGAN & MORRIS LLP'S MOTION TO WITHDRAW AND DENYING DEFENDANTS' APPLICATION FOR AN ORDER STAYING CASE AND TOLLING DEFENDANTS' OBLIGATIONS UNTIL MOTION TO WITHDRAW IS RESOLVED AND SETTING BRIEFING SCHEDULE**<br><br>[DKT. NO. 48.] |

Defendants filed an ex parte application for entry of an order (i) shortening time on Corrigan & Morris LLP's motion to withdraw and (ii) staying case and tolling Defendants' obligations until the motion to withdraw is resolved. (Dkt. No. 48.) Plaintiff filed an opposition, (Dkt. No. 50), and Defendants filed a reply. (Dkt. No. 51.) After a review of the briefs, while the Court finds good cause to shorten time on defense counsel's motion to withdraw, the Court does not find good cause to stay the case and toll defendants' obligations until the motion to withdraw is

1

resolved.  Defense counsel was intimately involved in the factual and legal bases of the case in opposing the preliminary injunction.  Because the motion for reconsideration is limited to the Court's ruling under Section 17(a) of the Securities Act of 1933, which defense counsel has already previously considered and briefed, the filing of an opposition to the motion for reconsideration will not impose any undue burden to defense counsel.  Accordingly, the Court hereby ORDERS as follows:

1. The hearing on Corrigan & Morris LLP's motion to withdraw set for March 8, 2018 shall be rescheduled on **February 8, 2019, at 1:30 p.m.** in Courtroom 2D.  Counsel for Defendants as well as Defendants[1] shall appear at the hearing.  Any opposition to the motion to withdraw shall be filed on or before **January 18, 2019**.  Any reply shall be filed on or before **January 25, 2019**.

2. The Court DENIES Defendants' request for a stay of the briefing schedule on Plaintiff's motion for reconsideration pending a ruling on Corrigan & Morris LLP's motion to withdraw and tolling defense counsel's obligations until the motion to withdraw is resolved.  The Court's ruling is limited to the briefing on the

/ / / /
/ / / /
/ / / /
/ / / /

---

[1] The Court notes that while Defendant Reginald Budd Ringgold, III, an individual, may appear pro se, Defendant Blockvest, LLC must be represented by counsel.  See D–Beam Ltd. Partnership v. Roller Derby Skates, Inc., 366 F.3d 972, 973–74 (9th Cir. 2004) ("It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney.'"); United States v. High Country Broadcasting Co. Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."); see also Civil Local Rule 83.3k ("all other parties, including corporations; partnerships and other legal entities may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.").  If a corporation fails to obtain new counsel, it may be subject to default proceedings.  See High Country Broadcasting Co., Inc., 3 F.3d at 1245.

motion for reconsideration and does not apply to proceedings pending with the Magistrate Judge.[2]

**IT IS SO ORDERED**.

Dated: January 8, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] In its ex parte motion, defense counsel lists other matters that will require work and participation such as the January 10, 2019, deadline for conference of counsel under FRCP 26(f); the February 11, 2019 Early Neutral Evaluation Conference and Case Management Conference before the Magistrate Judge; and unknown additional discovery demands and motions to be propounded by Plaintiff. (Dkt. No. 48 at 4.) Defense counsel may seek relief from these deadlines with the Magistrate Judge.

3