UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BLOCKVEST, LLC and REGINALD BUDDY RINGGOLD, III a/k/a RASOOL ABDUL RAHIM EL,<br><br>　　　　　　　　　　Defendants. | Case No.: 18CV2287-GPB(BLM)<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL** |

Before the Court is Corrigan & Morris, LLP's motion to withdraw as counsel for Defendants Blockvest, LLC and Reginald Buddy Ringgold. (Dkt. No. 47.) Plaintiff does not oppose defense counsel's motion to withdraw. (Dkt. No. 54.) Based on the reasoning below, the Court GRANTS Corrigan & Morris, LLP's motion to withdraw as defense counsel.

**Factual Background**

"An attorney may not withdraw as counsel except by leave of court." Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. Washington v.

Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982).  Courts should consider the following factors when ruling upon a motion to withdraw as counsel:

(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

Deal v. Countrywide Home Loans, No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

     Rule 1.16(a)(2) of the California Rules of Professional Conduct of the State Bar of California ("Rules") provides that "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: . . . (2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act." Cal. R. Prof. Conduct 1.16(a)(2).  An attorney may withdraw representation if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively" or "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. R. Prof. Conduct 1.16(b)(4), (5).  The Rules also require that a lawyer must not terminate a representation until the "lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).  Failure to pay counsel can be a valid reason for withdrawal.  Indymac Federal Bank, FSB v. McComic, No. 08cv1871-IEG(WVG), 2010 WL 2000013, at *1 (S.D. Cal. 2010).

     According to the declaration of defense counsel filed in support, Corrigan & Morris, LLP was retained on October 16, 2018 pursuant to an engagement agreement with Defendants and since November 27, 2018, there has been a "complete breakdown in the attorney-client relationship." (Dtk. No. 47-1, Morris Decl. ¶¶ 3, 7.)  According to

Stanley Morris, a partner at Corrigan & Morris, LLP, Defendants made serious accusations against him and the firm and also failed and refused to comply with the payment obligations in their engagement agreement.  (Id. ¶ 8.)  Moreover, Defendants instructed counsel to file certain documents that were prepared by Defendants that "fall far short of the professional standards" required by the Court, his firm and the duties under Federal Rule of Civil Procedure 11.  (Id. ¶ 9.)  Defendants attempted to file these documents with the Court without counsel's permission or signature but they were rejected by the Court Clerk.  (Id.)  On December 10, 11 and 14, 2018, Morris notified Defendants via email, that Defendants must find substitute counsel within two-weeks or C&M would file a motion to withdraw.  (Id. ¶¶ 11, 12, 14.)  Corrigan & Morris, LLP asserts that there will be no prejudice to Defendants since it is still early in the case and no scheduling order has been filed.  (Id. ¶ 17.)

The Court finds that the factors to support withdrawal of counsel has been met. Defense counsel has presented sufficient reasons why it is seeking withdrawal, there will no prejudice to other litigants, and because the case is still in its early stages, the withdrawal will not delay the resolution of the case or harm the administration of justice. Therefore, the Court GRANTS Corrigan & Morris, LLP's motion to withdraw as counsel for Defendants.

Defendant Blockvest LLC, a limited liability corporation, may not proceed in federal court without counsel.  Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); see also United States v. High Country Broadcasting Co. Inc., 3 F.3d 1244, 1245 (9th Cir. 1993); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987); Civil Local Rule 83.3k ("all other parties, including corporations; partnerships and other legal entities may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3."). Therefore, the Court grants Blockvest, LLC until **March 15, 2019** to obtain substitute counsel and have counsel file a notice of appearance.  Blockvest, LLC is notified that if it fails to obtain new counsel and have counsel file a notice of appearance, it may be subject

1 | to default proceedings.  See High Country Broadcasting Co., Inc., 3 F.3d at 1245.
2 | Defendant Reginald Buddy Ringgold may proceed *pro se*.
3 |     IT IS SO ORDERED.
4 | Dated:  February 14, 2019

                                 Hon. Gonzalo P. Curiel
                                 United States District Judge