UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BLOCKVEST, LLC and REGINALD BUDDY RINGGOLD, III a/k/a RASOOL ABDUL RAHIM EL,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 18CV2287-GPB(BLM)<br><br>**ORDER DENYING DEFENDANT'S EX PARTE APPLICATION FOR A STAY OF PROCEEDINGS**<br><br>**[Dkt. No. 66.]** |

Before the Court is Defendant Reginald Buddy Ringgold III's *ex parte* application for a stay of the case. (Dkt. No. 66.) Plaintiff Securities and Exchange Commission filed an opposition on April 3, 2019. (Dkt. No. 67.) Based on the reasoning below, the Court DENIES Plaintiff's *ex parte* application for a stay.

Background

On October 3, 2018, Plaintiff Securities and Exchange Commission ("SEC" or "Plaintiff") filed a Complaint against Defendants Blockvest, LLC and Reginald Buddy Ringgold, III a/k/a Rasool Abdul Rahim El ("Ringgold" or "Defendant") alleging violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act') and Rule 10b-5(b); violations under Section 10(b) of the Exchange Act and Rule 10b-5(a) and

Rule 10b-5(c); fraud in violation of Section 17(a)(2) of the Securities Act of 1933 ("Securities Act"), fraud in violation of Sections 17(a)(1) and 17(a)(3) of the Securities Act; and violations of Sections 5(a) and 5(c) of the Securities Act for the offer and sale of unregistered securities. (Dkt. No. 1, Compl.) Plaintiff also concurrently filed an ex parte motion for temporary restraining order seeking to halt Defendants' fraudulent conduct and freezing their assets, prohibiting the destruction of documents, seeking expedited discovery and an accounting of Defendants' assets. (Dkt. No. 3.) On October 5, 2018, the Court granted Plaintiff's ex parte motion for temporary restraining order. (Dkt. Nos. 5, 6.) In compliance with the temporary restraining order, Defendants filed Ringgold's Declaration of Accounting on October 26, 2018, and a First Supplemental Declaration of Ringgold on November 2, 2018. (Dkt. Nos. 18, 21.) Defendants also filed a response to the order to show cause on November 2, 2018. (Dkt. Nos. 23, 24, 25.) On November 7, 2018, Plaintiff filed a reply. (Dkt. Nos. 27, 28.) A hearing on the order to show cause was held on November 16, 2018, (Dkt. No. 37), and on November 27, 2018, the Court denied a preliminary injunction. (Dkt. No. 41.) Subsequently, on February 14, 2019, the Court granted Plaintiff's motion for partial reconsideration and granted Plaintiff's motion for preliminary injunction on Section 17(a) of the Securities Act of 1933. (Dkt. No. 61.) On the same day, the Court also granted Corrigan and Morris LLP's motion to withdraw as Plaintiff's counsel. (Dkt. No. 62.)

On April 3, 2019, Defendant Ringgold filed an ex parte motion for a stay of proceedings pending resolution of a parallel criminal investigation by the United States Department of Justice, U.S. Attorney's Office for the District of Columbia ("DOJ") and the Federal Bureau of Investigation ("FBI") because he argues his rights under the Fifth Amendment will be implicated.[1] (Dkt. No. 66.) Alternatively, Defendant seek a stay of all discovery in this case for a period of six months. (Id.)

---

[1] Plaintiff also seeks to stay the civil matter 19cv244-GPC(BLM) but has failed to file the motion in that case and the Court declines to consider the ex parte motion as it relates to another case.

**Discussion**

Defendant argues that the case should be stayed because the scope of the criminal investigation and the instant case are based on the same fraud allegations. Without evidentiary support, Ringgold claims that DOJ attorney has indicated the DOJ intends to seek an indictment against him for alleged violations of 18 U.S.C. § 1343 (wire fraud). Plaintiff responds that a stay is not warranted as no indictment has yet been returned.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). However, the court, in its discretion may stay civil proceedings in the interests of justice. Id. In making its decision, the Court should consider (1) the extent that defendant's fifth amendment rights are implicated; (2) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to plaintiff of a delay (3) the burden on defendants; (4) the convenience of the court and the efficient use of judicial resources; (5) the interests of third parties; and (6) the public interest in the pending civil and criminal litigation. Federal Savings and Loan Ins. Corp. v. Molinaro, 889 F.2d 900, 902-03 (9th Cir. 1989). The "strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil . . . action involving the same matter." SEC v. Dresser Indus., Inc., 628 F.2d 1375, 1375-76 (D.C. Cir. 1980). The Court considers each of the Keating factors.

**A. Implication of Fifth Amendment Rights**

Defendant argue that because the issues in this case and the criminal investigation are based on the same factual and legal issues, his Fifth Amendment rights are implicated. The SEC contends that the stay request is premature because no indictment has been returned and any Fifth Amendment rights that are implicated are negligible as Ringgold has already testified, submitted multiple declarations as well as discovery responses on behalf of himself and Blockvest.

"The case for staying civil proceedings is 'a far weaker one when '[n]o indictment has been returned[, and] no Fifth Amendment privilege is threatened.'" Molinaro, 889 F.2d at 903 (recognizing that potential criminal indictments may make responding to civil charges more difficult but court did not abuse its discretion in denying a stay). Generally, stays are not granted where no indictment has been issued. See S.E.C. v. Global Express Capital Real Estate Inv. Fund, I, LLC, 289 Fed. App'x 183, 191 (9th Cir. 2008) ("The case for staying civil proceedings is weak when no indictment has been returned."); Estate of Morad v. City of Long Beach, Case No. CV 16-6785-MWF(AJWx), 2017 WL 5187826, at *8 (C.D. Cal. Apr. 28, 2017) ("Keating stays are rarely, if ever, granted where no indictment has yet been returned."); Maryland v. Universal Elections, Inc., 729 F.3d 370, 379 (4th Cir. 2013) ("Stays generally are not granted before an indictment has issued."); Chao v. Fleming, 498 F. Supp. 2d 1034, 1038 (W.D. Mich. July 6, 2007) ("In general, courts recognize that the case for a stay is strongest where the defendant has already been indicted, whereas pre-indictment requests for a stay, as in this case, are usually denied."); U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Grp., Inc., 297 F. Supp. 2d 531, 534 (E.D.N.Y. 2003) ("Pre-indictment requests for a stay of civil proceedings are generally denied."). Yet, as noted in Keating, "[i]n deciding whether to proceed with [the case], the extent to which the defendant's Fifth Amendment rights are implicated is a significant factor for the [court] to consider, but it is only one consideration to be weighed against others." Keating, 45 F.3d at 326.

The cases Ringgold cites in support of a stay involved already pending criminal proceedings and are not applicable in this case. See Jones v. Conte, No. C 045312S1, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005) (granting stay of civil case pending resolution of pending criminal matter); Continental Ins. Co. v. Cota, Nos. 08-2052 SC, 07-5800 SC, 07-6045 SC, 07-5926 SC, 08-2268 SC, 2008 WL 4298372, at *2 (N.D. Cal. Sept. 19, 2008) (granting stay in civil action pending resolution of criminal proceeding); Medina v. Argent Mortg. Co., No. 05cv2905 RS, 2006 WL 1305230, at *2 (N.D. Cal.

May 11, 2006) (granting stay in civil action pending resolution of criminal action implicating Fifth Amendment rights).

Defendant also cites to Chao, where the district court recognized that stays are generally denied if the defendant has not yet been indicted yet a "stay should not be categorically denied solely because the defendant has not yet been indicted." 498 F. Supp. at 1038. In Chao, the court granted a stay even though the defendant had not yet been indicted because the AUSA stated that an indictment was but "an eventuality" and the criminal charges were coextensive with the ones in the civil case. Id. at 1039. In Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 527-29 (D.N.J. 1998), the district court granted a five month stay on interrogatories and depositions in a pre-indictment case because there was no dispute that the civil and criminal cases involved many of the same issues and the government executed search warrants and issued subpoenas to several defendants and the other factors supported a stay.

Here, Ringgold summarily asserts there is an ongoing criminal investigation by the DOJ and FBI, that the scope of the criminal investigation and the instant case overlap and that the AUSA indicated that DOJ intends to seek an indictment for violation of 18 U.S.C. § 1343 (wire fraud) and it will be issued in the "near future", (Dkt. No. 66 at 7). However, he has not presented any evidentiary support for these assertions. It is undisputed that no indictment has been issued. Ringgold also has not made a showing that the issues in the criminal investigation are the same or similar to the facts and legal theories brought in this case to implicate his Fifth Amendment rights. Accordingly, Ringgold has failed to show that his Fifth Amendment rights are implicated and this factor weighs against a stay. See SEC v. Chen, Case No. CV 15-7425 RGK(JPRx), 2016 WL 7444922, at *2 (C.D. Cal. Apr. 8, 2016) (weak showing of Fifth Amendment rights where no indictment had been returned and there was no concrete evidence of imminent criminal prosecution).

Moreover, even if there was overlap between this case and the criminal investigation, any Fifth Amendment right impacted would be minimal as Ringgold has

already been deposed and filed multiple declarations in connection with the TRO application. See Molinaro, 889 F.2d at 903 (any burden on Fifth Amendment was negligible where the defendant had already given a partial deposition); FTC v. JK Publ'n, Inc., 99 F. Supp. 2d 1176, 1199 (C.D. Cal. 2000) ("Where a defendant already has provided deposition testimony on substantive issues of the civil case, any burden on that defendant's Fifth Amendment privilege is 'negligible.'"); IBM Corp. v. Brown, 857 F. Supp. 1384, 1390 (C.D. Cal. 1994) (no Fifth Amendment issue as individual defendant had already testified at deposition).

**B.     SEC's Interest and Prejudice**

Ringgold argues that there is no harm or prejudice to the SEC because a limited TRO was granted and his Fifth Amendment rights are more important than the SEC's inconvenience of a stay. In response, the SEC claims it has a strong interest in proceeding expeditiously to protect investors and remedy violations of the securities law. If a stay is imposed, a delay in the enforcement proceedings will cause witness memories to fade and evidence lost. The SEC also seeks to recover ill-gotten gains by Defendants through their fraudulent conduct and any delays will greatly diminish the chance to identify assets and return them to the victims especially in light of the fact that there is no asset freeze.

The SEC, in this case, has a strong interest in proceeding expeditiously to protect investors and remedy violations of the securities laws. See Dresser Indus., Inc., 628 F.2d at 1377 ("If the SEC suspects that a company has violated the securities laws, it must be able to respond quickly: it must be able to obtain relevant information concerning the alleged violation and to seek prompt judicial redress if necessary."). Because no indictment has been returned and it is not clear whether there is any overlap between this case and the criminal investigation, the SEC's interest in protecting investors outweighs the speculative implication of Ringgold's Fifth Amendment rights.

/ / / /

/ / / /

## C. Judicial Resources

Ringgold asserts that judicial economy weighs in favor of a stay as resolution of the criminal proceedings may narrow issues in the civil action and a stay would avoid unnecessary motion practice where he will be forced to assert his Fifth Amendment right during discovery. The SEC disagrees arguing that the Court has an interest in managing its own calendar and issuing a stay where there is no pending criminal proceeding is essentially granting an indefinite stay. Moreover, the SEC claims it is speculative to assert that a potential criminal investigation will narrow issues in the civil case.

The Court agrees with the SEC. The "court has an interest in clearing its docket." Molinaro, 889 F.2d at 903. "[I]t is unrealistic to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run for all crimes conceivably committed by [the defendants]." Walsh Sec., Inc., 7 F. Supp. 2d at 528 (citation omitted); Gen. Elec. Co. v. Liang, No. CV 13–08670, 2014 WL 1089264, at *6 (C.D. Cal. Mar. 19, 2014) (explaining that judicial efficiency is not served where "no indictment has been returned and 'there is no way to predict when the criminal investigation [will] end'"). Granting a stay during a criminal investigation "would effectively thrust the Court into an indefinite state of limbo." See Chen 2016 WL 7444922, at *2. Here, because there is no indictment and no indication of an imminent criminal prosecution, this factor weighs against a stay as the court has an interest in clearing its docket. See id. ("judicial economy weighs against granting a stay because no judicial resources will be saved given that there is no parallel criminal proceeding.").

## D. Interests of Third Parties and the Public

Ringgold asserts that the public and third parties not only have an interest in the resolution of civil disputes, they also have an interest in the integrity of a criminal case. The SEC argues that the final two factors, interest of third parties and the public, weigh against a stay because while Defendants are preliminarily enjoined, their assets are not frozen. The SEC is seeking to discover the amount Defendants raised due to their fraud

and without additional discovery, there may be a shortfall in the recovery of funds needed to make investors whole.

Here, third party and the public interests do not support a stay as an expeditious resolution of the SEC enforcement proceeding would result in the return of investor funds if the SEC prevails. See Chen, 2016 WL 7444922, at *3 ("investors and the general public will benefit if the SEC enforcement action proceeds through discovery to recover funds allegedly acquired through fraud."). Also, because there is no indictment or criminal proceeding, Ringgold's argument that the public interest in the integrity of a criminal case is not implicated.

Accordingly, in consideration of the Keating factors, the Court DENIES Defendant Ringgold's *ex parte* application for a stay.

**Conclusion**

Based on the reasoning above, the Court DENIES Defendant Ringgold's *ex parte* application for a stay of proceedings.

IT IS SO ORDERED.

Dated: April 5, 2019

Hon. Gonzalo P. Curiel
United States District Judge