UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BLOCKVEST, LLC and REGINALD BUDDY RINGGOLD, III a/k/a RASOOL ABDUL RAHIM EL,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 18CV2287-GPB(BLM)<br><br>**ORDER GRANTING DEFENDANT RINGGOLD'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE OPOSITION TO SUMMARY JUDGMENT MOTION**<br><br>**[Dkt. No. 103.]** |

Before the Court is pro se Defendant Ringgold's ex parte application for extension of time to file opposition to Plaintiff's motion for summary judgment. (Dkt. No. 103.) Plaintiff filed an opposition on February 27, 2020. (Dkt. No. 105.)

**Background**

On October 3, 2018, Plaintiff Securities and Exchange Commission ("SEC" or "Plaintiff") filed a Complaint against Defendants Blockvest, LLC and Reginald Buddy Ringgold, III a/k/a Rasool Abdul Rahim El alleging violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act') and Rule 10b-5(b); violations under Section 10(b) of the Exchange Act and Rule 10b-5(a) and Rule 10b-5(c); fraud in violation of Section 17(a)(2) of the Securities Act of 1933 ("Securities Act"), fraud in

violation of Sections 17(a)(1) and 17(a)(3) of the Securities Act; and violations of Sections 5(a) and 5(c) of the Securities Act for the offer and sale of unregistered securities. (Dkt. No. 1, Compl.) Plaintiff also concurrently filed an ex parte motion for temporary restraining order seeking to halt Defendants' fraudulent conduct and freezing their assets, prohibiting the destruction of documents, seeking expedited discovery and an accounting of Defendants' assets. (Dkt. No. 3.) On October 5, 2018, the Court granted Plaintiff's ex parte motion for temporary restraining order. (Dkt. Nos. 5, 6.) On November 27, 2018, the Court denied a preliminary injunction. (Dkt. No. 41.) On February 14, 2019, the Court partially granted Plaintiff's motion for reconsideration on Plaintiff's motion for preliminary injunction. (Dkt. No. 61.) Pursuant to the injunction, Defendants are "preliminarily enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:"

> (a) to employ any device, scheme, or artifice to defraud;
> (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
> (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

(Dkt. No. 61 at 23.) On the same day, the Court granted defense counsel's request to withdraw as counsel. (Dkt. No. 62.) While Defendant Ringgold, an individual, can proceed pro per, Defendant Blockvest LLC, cannot. (*Id.* at 3.) Defendants were granted until March 15, 2019 to obtain substitute counsel. *(Id.)* On March 18, 2019, the Court granted Defendants' ex parte request for additional time to obtain counsel until March 29, 2019. (Dkt. No. 64.) To date, Defendants have not retained counsel.

A scheduling order was issued in the case on April 24, 2019. (Dkt. No. 72.) The SEC served initial disclosures to Defendants on February 4, 2019, and in May and June,

2019, it produced over 5,000 documents to Ringgold, which included documents identified in the initial disclosures as well as documents produced in response to Ringgold's requests for production. (Dkt. No. 105-1, Wilner Decl. ¶¶ 3, 4.) On August 12, 2019, the SEC responded to 55 interrogatories propounded by Ringgold. (*Id.* ¶ 5.) The SEC also took third party depositions. (*Id.* ¶ 6.) The fact discovery deadline was September 9, 2016 and expert discovery deadline was December 26, 2019. (Dkt. No. 72.)

**Discussion**

In the ex parte application, Defendant Ringgold invokes Federal Rule of Civil Procedure ("Rule") 6(b)[1] seeking an extension of time to file his opposition to summary judgment motion, which was due on February 21, 2020, in order to obtain additional discovery and time to seek counsel. Ringgold does not state how much additional time he needs. He claims that his prior counsel withdrew from the case and left Petitioner with a pile of documents and being unschooled in the law, it makes it extremely difficult or impossible to respond to Plaintiff's motion. Ringgold states that he has made a diligent effort to locate new counsel but has not been successful due to the voluminous number of documents in the case and seeks additional time to seek counsel and respond to the summary judgment motion. (Dkt. No. 103, Ringgold Decl. at pgs. 4-5[2].)

Plaintiff opposes arguing Ringgold has flouted the procedural rules by failing to comply with the ex parte application procedure by filing the ex parte past the opposition deadline and failing to provide it with advance notice. Further, Ringgold has not provided a sufficient basis to delay the hearing date on its motion for summary judgment. Plaintiff contends that Ringgold seeks additional time to review discovery and conduct further discovery but does not provide specifics as what discovery he needs to obtain and his request for more time to retain counsel is without merit because his prior counsel's

---

[1] Ringgold relies on Rule 6(b), not Rule 56(d) as the SEC argues.
[2] Page numbers are based on the CM/ECF pagination.

withdrawal was approved months ago on February 14, 2019. (Dkt. No. 62.) Despite having had ample opportunity to obtain counsel, Ringgold has failed to do so. Finally, his pro se status is not a reason why he should be granted leniency.

Rule 6(b) permits a court, at its discretion, to accept a late filing when the movant's failure to meet the deadline was the result of excusable neglect. Fed. R. Civ. P. ("[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.").

In assessing excusable neglect, the court must consider a four-part test that takes "account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (993). A district court abuses its discretion when it fails to consider each of these four factors when evaluating a Rule 6(b) excusable neglect motion. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000); *Alexander v. Principi*, 16 Fed. App'x 755, 759 (9th Cir. 2001) (district court abused its discretion when it only considered two of the four factors).

First, Plaintiff appears to address the prejudice factor by arguing that the proceedings have been going on for over a year and the SEC has expended considerable resources to prosecute its claims. However, the SEC has not demonstrated prejudice in Ringgold's request for a delay in the briefing schedule for summary judgment. Next, Ringgold filed the ex parte request four days after the deadline to file his opposition brief which does not constitute a significant delay to justify denial of his request and does not negatively impact the current proceedings. *See Bateman*, 231 F.3d at 1225 (failure to even contact the court for 24 days did not constitute a significant delay); *Alexander*, 16

Fed. App'x at 760 (filing opposition papers 8 days late was minimal delay and remanding case to district court to permit the filing of opposition to summary judgment motion). Furthermore, Ringgold seeks a delay in order to retain new counsel. While he has had almost a year's time to secure counsel, he states he has made efforts to secure one but it has been difficult. (Dkt. No. 103, Ringgold Decl. at pg. 5.) Plaintiff's motion for summary judgment, (Dkt. No. 96), contains 2003 pages, including the memorandum of points and authorities and supporting exhibits. It is not unreasonable for a pro per litigant to seek an extension of time to file an opposition or seek counsel to assist him. He also seeks to reopen discovery. If so, he shall contact the Magistrate Judge for guidance on how to move to re-open discovery. Finally, Ringgold does not have a pattern of failing to comply with court deadlines, and the parties have been actively engaged in the case during the past year. There has not been undue delay. It appears Ringgold's ex parte request is made in good faith. After a review of the four factors to consider excusable neglect, the Court GRANTS Ringgold's ex parte request for extension of time to file his opposition to summary judgment motion.

Ringgold has not stated how much time he seeks but the Court will grant him until **March 27, 2020** to file an opposition to the summary judgment motion. Plaintiff shall file a reply on or before **April 10, 2020**. The Court **vacates** the hearing set on March 26, 2020 and reschedules the hearing to **May 1, 2020 at 1:30 p.m**. in Courtroom 2D.

IT IS SO ORDERED.

Dated: March 2, 2020

Hon. Gonzalo P. Curiel
United States District Judge