UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                             Plaintiff,<br><br>v.<br><br>BLOCKVEST, LLC and REGINALD BUDDY RINGGOLD, III a/k/a RASOOL ABDUL RAHIM EL,<br><br>                             Defendants. | Case No.: 18CV2287-GPB(MSB)<br><br>**ORDER FOLLOWING ORDER TO SHOW CAUSE STRIKING DEFENDANT BLOCKVEST LLC's ANSWER, DIRECTING CLERK OF COURT TO ENTER DEFAULT AND DEFAULT JUDGMENT AGAINST BLOCKVEST, LLC**<br><br>**[Dkt. No. 93.]** |

On July 14, 2020, the Court issued an order to show cause why "Blockvest's Answer should not be stricken, default entered as well as default judgment entered against it for failure to defend and failure to retain substitute counsel of record." (Dkt. No. 123.)  Defendant Blockvest LLC ("Blockvest") did not respond to the order to show cause.  On August 11, 2020, Plaintiff Securities and Exchange Commission ("SEC") filed a reply noting that Blockvest did not file a response and seeking the Court to strike Blockvest's Answer, enter default and default judgment against it.  (Dkt. No. 123.)

///

///

**Procedural Background**

On October 3, 2018, the SEC filed a Complaint against Defendants Blockvest, LLC ("Blockvest") and Reginald Buddy Ringgold, III a/k/a Rasool Abdul Rahim El ("Ringgold" or "Defendant") alleging violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(b); violations under Section 10(b) of the Exchange Act and Rule 10b-5(a) and Rule 10b-5(c); fraud in violation of Section 17(a)(2) of the Securities Act of 1933 ("Securities Act"); fraud in violation of Sections 17(a)(1) and 17(a)(3) of the Securities Act; and violations of Sections 5(a) and 5(c) of the Securities Act for the offer and sale of unregistered securities.  (Dkt. No. 1, Compl.)  Plaintiff also concurrently filed an *ex parte* motion for temporary restraining order seeking to halt Defendants' fraudulent conduct and freezing their assets, prohibiting the destruction of documents, seeking expedited discovery and an accounting of Defendants' assets.  (Dkt. No. 3.)  On October 5, 2018, the Court granted Plaintiff's ex parte motion for temporary restraining order.  (Dkt. Nos. 5, 6.)  Defendants, with counsel, filed a response to the order to show cause on November 2, 2018.  (Dkt. Nos. 23, 24, 25.)  On November 7, 2018, Plaintiff filed a reply.  (Dkt. Nos. 27, 28.)  A hearing on the order to show cause was held on November 16, 2018, (Dkt. No. 37), and on November 27, 2018, the Court denied a preliminary injunction.  (Dkt. No. 41.)  On December 14, 2018, Defendants Ringgold and Blockvest filed an Answer.  (Dkt. No. 43.)

On December 17, 2018, the SEC filed a motion for reconsideration.  (Dkt. No. 44.)  Subsequently, defense counsel filed a motion to withdraw as counsel on December 27, 2018.  (Dkt. No. 47 at 5-6.)  On February 14, 2019, the Court granted Plaintiff's motion for partial reconsideration of the denial of a preliminary injunction against Defendants for future violations of Section 17(a) of the Securities Act and issued an order preliminarily enjoining Defendants from violating Section 17(a).  (Dkt. No. 61.)  On the same day, the Court also granted defense counsel's motion to withdraw as counsel.  (Dkt. No. 62.)  In that order, the Court informed Blockvest that, as an LLC, it needed to retain counsel in order to defend the case, and in the event substitute counsel was not obtained, it could be

subject to default proceedings. (*Id.* at 3-4.) Although Blockvest was given leave for an extension of time to obtain substitute counsel until March 29, 2019, (Dkt. No. 64), it has not retained counsel to date. Defendant Ringgold, on the other hand, proceeded without counsel since his counsel's withdrawal. Recently, on May 29, 2020, the Court granted Plaintiff's motion for terminating sanctions in the form of default judgment against Defendant Ringgold for filing fraudulent declarations with the Court. (Dkt. No. 117.) Default judgment was entered against Ringgold on all claims in the Complaint. (Dkt. No. 118.)

The remaining defendant in the case is Blockvest LLC. On July 14, 2020, the Court issued an order to show cause "why Blockvest's Answer should not be stricken, default entered as well as default judgment entered against it for failure to defend and failure to retain substitute counsel of record." (Dkt. No. 123.) Blockvest did not file a response. The SEC filed a reply indicating it had not received an opposition from Blockvest and requested that the Court strike Blockvest's answer, enter default, and enter default judgment against Blockvest. (Dkt. No. 125.)

### Discussion

Blockvest, LLC, as a limited liability corporation, may not represent itself in federal court. *See Rowland v. Cal. Men's Colony,* 506 U.S. 194, 202 (1993) (internal citations omitted); *see also United States v. High Country Broad. Co. Inc*., 3 F.3d 1244, 1245 (9th Cir. 1993); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987); Civil Local Rule 83.3k ("all other parties, including corporations; partnerships and other legal entities may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3."). Thus, when a corporation fails to retain counsel when ordered to do so, a court may strike the answer and enter default against the party. *See High Country Broad. Co., Inc*., 3 F.3d at 1245; *Employee Painters' Trust v. Ethan Enters., Inc*., 480 F.3d 993, 998 (9th Cir. 2007) (no abuse of discretion by district court granting entry of default judgment for failure to retain counsel and denying request to set it aside); *Arco Envtl. Remediation, L.L.C., et al. v. RDM Multi–Enters.,* et al., 166 Fed.

App'x 929, 930 (9th Cir. 2006) (district court was within its discretion in entering default judgment against corporation after corporation failed to retain new counsel after being ordered to do so and to answer amended complaint).

Here, despite the Court's order that Blockvest must obtain substitute counsel, it has failed to do so. Accordingly, because Blockvest has failed to defend and failed to comply with the Court's order to retain counsel, the Court STRIKES Blockvest's Answer filed on December 14, 2018, (Dkt. No. 43), and DIRECTS the Clerk of Court to enter default against Blockvest, LLC.

Once default is entered, the Court considers whether default judgment is warranted. The Ninth Circuit looks to seven factors to assist the court in determining whether default judgment is appropriate. The seven factors are:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of the plaintiff s substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and;
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6). Allegations of damages must be proven. *Geddes*, 559 F.2d at 560.

### 1. Prejudice to the Plaintiff

Under the first factor, the Court must examine whether Plaintiff will be prejudiced if the Court denies default judgment. *See Eitel*, 782 F.2d at 1471. Without allowing default judgment, Plaintiff will have no other recourse available and will be prejudiced. *See PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002);

4

18CV2287-GPB(MSB)

*Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F.Supp.2d 1072, 1081 (C.D. Cal. 2012) (same). This factor supports default judgment.

### 2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

On the second and third *Eitel* factors, the Court analyzes the substantive merits of Plaintiff's claims and the sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471. To warrant default judgment, the allegations in the complaint must be sufficient to state a claim upon which a plaintiff can recover, *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978), or, in other words, make a prima facie showing, *Employee Painters' Trust v. Cascade Coatings*, No. C12–0101JLR, 2014 WL 526776, at *5 (W.D. Wash. Feb. 10, 2014)

Here, the Complaint alleges violations of Section 10(b) of the Exchange Act and Rules 10b-5(a)-(c); violations of Sections 17(a)(1)-(3) of the Securities Act; and violations of Sections 5(a) and 5(c) of the Securities Act for the offer and sale of unregistered securities. (Dkt. No. 1, Compl.) Early in the case, the Court concluded that the complaint had stated prima facie violations of Sections 5(a) and 5(c) of the Securities Act, Sections 17(a)(1), (2) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rules 10b-5(a), (b) and (c). (Dkt. No. 5 at 6-12.) Accordingly, the Court concludes that the complaint has sufficiently stated causes of action under the provisions of the Securities Act and Exchange Act.

### 3. The Sum of Money at Stake

The fourth *Eitel* factor requires the Court to "consider the amount of money at stake in relation to the seriousness of defendant's conduct." *See Eitel*, 782 F.2d at 1471. "This requires that the court assess whether the recovery sought is proportional to the harm caused by the defendant's conduct." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921. (C.D. Cal. 2010); *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176 ("the amount of money at stake in relation to the seriousness" of the underlying conduct.). Where a plaintiff only seeks injunctive relief, the factor favors default judgment. *See*

*United States v. Torres*, No. 2:12-cv-10530, 2013 WL 7137587, at *5 (C.D. Cal. Apr. 17, 2013).

Here, Plaintiff, as a government agency, seeks injunctive relief, disgorgement of funds received from their illegal conduct, and civil penalties. (Dkt. No. 1, Compl.) As to monetary relief, because Plaintiff only seeks disgorgement in the amount of the illegal funds Defendants received and civil penalties in connection with Defendant's fraudulent conduct, this factor favors default judgment.

### 4. Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts of the case. *See Eitel*, 782 F.2d at 1471–72. Once default is entered, "all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) ("Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote."). Therefore, because the facts in the complaint are taken as true, there is no possibility of a dispute concerning material facts and this factor supports default judgment.

### 5. Whether the Default was Due to Excusable Neglect

The sixth *Eitel* factor examines whether Blockvest's failure to respond can be attributed to excusable neglect. *See Eitel*, 782 F.2d at 1472. This factor weighs in favor of entry of default judgment where the defendant was properly served. *Landstar Ranger, Inc.*, 725 F. Supp. 2d at 922. Here, not only was Blockvest properly served but it also filed an Answer. Therefore, Blockvest's default was not due to excusable neglect.

### 6. Strong Policy Underlying Favoring Decisions on the Merits

The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment. *Eitel*, 782 F.2d at 1472. Generally, default judgments are disfavored, and a case should be decided on the merits when possible, *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985);

1 | however, where a defendant's failure to appear "makes a decision on the merits
2 | impracticable, if not impossible," entry of default judgment is warranted.  *Pepsico, Inc.*,
3 | 238 F. Supp. 2d at 1177.  Because Blockvest has failed to retain counsel, a decision on
4 | the merits is not possible.  Accordingly, this factor supports default judgment.

5 | In total, a review of the *Eitel* factors supports default judgment against Blockvest.
6 | Accordingly, the Court GRANTS default judgment against Blockvest LLC.  As to
7 | damages, SEC is granted 30 days to file a request for relief as to both Defendants
8 | Blockvest and Ringgold.

## Conclusion

Based on the above, the Court DIRECTS the Clerk of Court to strike Blockvest's Answer and enter default against Blockvest.  Because the *Eitel* factors support default judgment, the Court also enters default judgment against Blockvest.  Within 30 days of the Court's order, Plaintiff shall file a brief in support of the relief it seeks against Blockvest as well as Ringgold.

IT IS SO ORDERED.

Dated:  August 26, 2020

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge