UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKVEST, LLC and REGINALD BUDDY RINGGOLD, III a/k/a RASOOL ABDUL RAHIM EL,<br><br>Defendants. | Case No.: 18CV2287-GPB(MSB)<br><br>**AMENDED FINAL JUDGMENT AGAINST DEFENDANTS BLOCKVEST, LLC and REGINALD BUDDY RINGGOLD, III a/k/a RASOOL ABDUL RAHIM EL** |

Pursuant to the SEC's ex parte motion to correct the final judgment filed on December 10, 2020, the Court grants the ex parte motion and files an amended final judgment to correct two errors that were a result of clerical mistakes or oversight pursuant to Federal Rule of Civil Procedure 60(a). (Dkt. No. 133.)

Before the Court is Plaintiff Securities and Exchange Commission's ("SEC") motion for permanent injunction and monetary relief based on the default judgments entered against Defendants Blockvest, LLC ("Blockvest"), (Dkt. No. 128), and Reginald Buddy Ringgold, III a/k/a Rasool Abdul Rahim El ("Ringgold"), (Dkt. No. 118), (collectively "Defendants"). (Dkt. No. 129.) Defendants did not file an opposition. On November 9, 2020, Plaintiff filed a reply noting that Defendants did not file an

opposition; therefore, the Court should grant the motion as unopposed. (Dkt. No. 131.) Based on the reasoning below, and Defendants' non-opposition, the Court GRANTS the SEC's motion for permanent injunction and monetary relief against Defendants Ringgold and Blockvest.

**Procedural Background**

On October 3, 2018, the SEC filed a Complaint against Defendants Blockvest and Ringgold alleging violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5(a)-(c); fraud in violation of Sections 17(a)(1)-(3) of the Securities Act of 1933 ("Securities Act"); and violations of Sections 5(a) and 5(c) of the Securities Act for the offer and sale of unregistered securities. (Dkt. No. 1, Compl.) Plaintiff also concurrently filed an *ex parte* motion for temporary restraining order seeking to halt Defendants' fraudulent conduct, freezing their assets, prohibiting the destruction of documents, seeking expedited discovery and an accounting of Defendants' assets. (Dkt. No. 3.) On October 5, 2018, the Court granted Plaintiff's *ex parte* motion for temporary restraining order. (Dkt. Nos. 5, 6.) After briefing from both parties, (Dkt. Nos, 23, 24, 25, 27, 28), a hearing on the order to show cause was held on November 16, 2018, (Dkt. No. 37), and on November 27, 2018, the Court denied a preliminary injunction. (Dkt. No. 41.) On December 14, 2018, Defendants Ringgold and Blockvest filed an Answer. (Dkt. No. 43.)

On December 17, 2018, the SEC filed a motion for reconsideration. (Dkt. No. 44.) Subsequently, defense counsel filed a motion to withdraw as counsel on December 27, 2018. (Dkt. No. 47 at 5-6.) On February 14, 2019, the Court granted Plaintiff's motion for partial reconsideration of the denial of a preliminary injunction against Defendants for future violations of Section 17(a) of the Securities Act and issued an order preliminarily enjoining Defendants from violating Section 17(a). (Dkt. No. 61.) On the same day, the Court also granted defense counsel's motion to withdraw as counsel. (Dkt. No. 62.) In that order, the Court informed Blockvest that, as an LLC, it needed to retain counsel in order to defend the case, and in the event substitute counsel was not obtained, it could be

subject to default proceedings. (*Id.* at 3-4.) Although Blockvest was given leave for an extension of time to obtain substitute counsel until March 29, 2019, (Dkt. No. 64), it never retained counsel. Defendant Ringgold, on the other hand, proceeded without counsel but stopped defending the case around May 6, 2020, his last filing in the case. (Dkt. No. 115.) On May 29, 2020, the Court adopted the Magistrate Judge's report and recommendation and granted Plaintiff's motion for terminating sanctions in the form of default judgment against Defendant Ringgold for filing fraudulent declarations with the Court. (Dkt. No. 117.) Default judgment was entered against Ringgold on all claims in the Complaint. (Dkt. No. 118.)

On July 14, 2020, the Court issued an order to show cause why Blockvest's answer should not be stricken, default and default judgment entered. (Dkt. No. 123.) While Blockvest did not respond, the SEC filed a reply on August 11, 2020 indicating it had not received an opposition from Blockvest and requested that the Court strike Blockvest's answer, enter default, and enter default judgment against Blockvest. (Dkt. No. 125.) On August 26, 2020, the Court granted default judgment against Blockvest LLC. (Dkt. No. 128.) On September 25, 2020, the SEC filed a motion for permanent injunction and monetary relief against Defendants Ringgold and Blockvest. (Dkt. No. 129.) On November 9, 2020, the SEC filed a reply. (Dkt. No. 131.)

### Discussion

In this case, default judgment on liability was imposed against Ringgold and Blockvest. (Dkt. Nos. 118, 128.) Rule 55(b)(2) requires a district court to make an independent assessment of damages when deciding a motion for default judgment. *S.E.C. v. Mgmt. Dynamic, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975). Damages may be proven through either an evidentiary hearing, or through affidavits, other documents that provide a factual basis for determining the amount of a default judgment award. *See* Fed. R. Civ. P. 55(b)(2). The SEC carries the burden of showing it is entitled to the requested relief. *S.E.C. v. Vazquez*, Case No.: SACV 18-00047-CJC(KESx), 2018 WL 10539626,

at *4 (C.D. Cal. Aug. 7, 2018) (citing *Bd. of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005)).

Here, the SEC, as a government agency, seeks a permanent injunction, disgorgement of funds received from Defendants' illegal conduct, and civil penalties. (Dkt. No. 129.)

**A.     Permanent Injunction**

The SEC seeks a judgment permanently enjoining Defendants from future violations of the registration and antifraud provisions of the federal securities law under Sections 17(a)(1)-(3) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5, and Sections 5(a) and (c) of the Exchange Act.  (Dkt. No. 129-1 at 18-19.)  It argues that the uncontested evidence it has provided during this case show that Defendants acted with high degree of scienter during the course of their offering and sale of unregistered securities and during the defense of this case by attempting to conceal their fraud from the Court.

Both the Securities Act and the Exchange Act authorize the issuance of permanent injunctions.  *See* 15 U.S.C. § 77t(b); 15 U.S.C. § 78u(d)(1).  To obtain an injunction against Defendants, the SEC must show that there is "a reasonable likelihood of future violations of the securities laws." *S.E.C. v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980) (citing *United States v. W. T. Grant Co.*, 345 U.S. 629, 635 (1953)).  In addition, "[t]he existence of past violations may give rise to an inference that there will be future violations; and the fact that the defendant is currently complying with the securities laws does not preclude an injunction." *Id.* (citing *S.E.C. v. Koracorp Indus., Inc.*, 575 F.2d at 698.  "In predicting the likelihood of future violations, a court must assess the totality of the circumstances surrounding the defendant and his violations . . . and "it considers factors such as the degree of scienter involved; the isolated or recurrent nature of the infraction; the defendant's recognition of the wrongful nature of his conduct; the likelihood, because of defendant's professional occupation, that future violations might

occur; and the sincerity of his assurances against future violations." *Id.* (citations omitted).

Default judgment was imposed against both Defendants on liability on the anti-fraud and registration provisions of the securities laws; therefore, it is established that they committed fraud in the connection with the purchase or sale of securities, committed fraud in the offer or sale of securities, and unlawfully offered and sold unregistered securities. (Dkt. Nos. 118, 128.) Specifically, Defendants misrepresented that the initial coin offering was "registered" with and "approved" by the SEC and used SEC's logo, (Dkt. No. 3-18, Wilner Decl., Ex. 41 at 81[1]; Dkt. No. 3-23, Suppl. Wilner Decl., Ex. 1 at 18, 59); misrepresented the regulatory status with respect to the Commodity Futures Trading Commission ("CFTC") and the National Futures Association ("NFA") by utilizing their logos and seals, (Dkt. No. 3-23, Suppl. Wilner Decl., Ex. 1 at 6, 22, 48, 77), and continued to do so after NFA issued Blockvest a cease and desist letter; falsely asserted they "partnered" with and was "audited by" Deloitte Touche Tohmatsu Limited, (Dkt. No. 3-3, Barnes Decl. ¶ 7); and created a fictitious regulatory agency, the Blockchain Exchange Commission ("BEC"), creating its own fake government seal, logo, and mission statement that are nearly identical to the SEC's seal, logo, mission statement as well as using the same address as the SEC's headquarters. (Dkt. No. 3-13, Wilner Decl., Exs. 13-19 at 28-51.)

In addition, during the litigation, the Court found that Ringgold fabricated evidence, suborned perjury and coached witnesses to lie regarding material issues in the case. (Dkt. No. 117 at 22.) Despite the misconduct, the Court noted that he continued to deny responsibility and deflected blame to others, such as the SEC. (*Id.*) The Court concluded Ringgold's conduct was willful and in bad faith. (*Id.*)

---

[1] Page numbers are based on the CM/ECF pagination.

In assessing the totality of the circumstances where Defendants committed securities fraud with a high degree of scienter, fabricated evidence, suborned perjury and coached witnesses to lie, where Ringgold has never recognized the wrongful nature of his conduct and has not provided any assurances that future violations will not recur, the Court concludes that there is a reasonably likelihood that Defendants will continue to violate securities laws absent an injunction. *See Murphy*, 626 F.2d at 655. Accordingly, the Court GRANTS the SEC's request for a permanent injunction.

**B.     Disgorgement**

Plaintiff also seeks an order of disgorgement, joint and severally, for Defendants' ill-gotten gains in the amount of $332,370.99 plus pre-judgment interest in the amount of $31,355.92 for a total disgorgement of $363,726.91. (Dkt. No. 129-1 at 22-23.)

In a recent case, the United States Supreme Court held that in an enforcement proceeding, the SEC may seek a "disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims" under 15 U.S.C. § 78u(d)(5).[2] *Liu v. S.E.C.*, 140 S. Ct. 1936, 1940 (2020). The Court reasoned that disgorgement falls within the "'categories of relief that were typically available in equity,'" as "equity practice long authorized courts to strip wrongdoers of their ill-gotten gains." *Id.* at 1942 (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993)). "Disgorgement need be 'only a reasonable approximation of profits causally connected to the violation.'" *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010) (citation omitted). In *Liu*, the Court also recognized the imposition of joint and several liability "for partners engaged in concerted wrongdoing." *Liu*, 140 S. Ct. at 1949.

The SEC seeks a disgorgement order against both Defendants, joint and severally, in the amount of $332,370.99 representing the total investments they raised so that it may

---

[2] "In any action or proceeding brought or instituted by the Commission under any provision of the securities laws, the Commission may seek, and any Federal court may grant, any equitable relief that may be appropriate or necessary for the benefit of investors." 15 U.S.C. § 78u(d)(5).

return those funds to the defrauded investors. (Dkt. No. 129-1 at 20-22.) According to the evidence produced by the SEC, Defendants acknowledged raising $149,700 from the sale of unregistered securities in the form of digital assets called BLV to investors who purchased through Rosegold. (Dkt. No. 32, Ringgold Decl. ¶ 16.) Plus, during discovery, evidence was produced showing another $182,670.99 raised from five dozen BLV purchases. (Dkt. No. 129-2, Wilner Decl., Ex. 1.) Therefore, the total amount Defendants raised from investors amount to $332,370.99 and represent Defendants' ill-gotten gains[3] and is subject to disgorgement.

Defendant Ringgold is the chairman, founder and majority owner of Blockvest. (Dkt. No. 24, Ringgold Decl. ¶ 4.) It was through Blockvest that Ringgold conducted pre-sales of BLVs in March 2018 and promoted the BLVs on its website, whitepaper and social media. (Dkt. No. 109-2, Ringgold's Response to SSUF No. 7; Dkt. No. 1, Compl. ¶¶ 25, 30.) Ringgold, as the founder of Blockvest, approved its website and whitepaper, made its investment decisions, and developed its business plan. (Dkt. No. 109-2, Ringgold's Response to SSUF No. 2.) Because Ringgold and Blockvest acted jointly to commit securities fraud violations, joint and several liability is warranted. *See Hateley v. S.E.C.*, 8 F.3d 653, 656 (9th Cir. 1993) (joint and several liability is appropriate between defendants who acted collectively or defendants who were controlling or controlled persons).

The SEC also seeks pre-judgment interest imposed on Defendants determined by 26 U.S.C. § 6621(a)(2), the interest used by the Internal Revenue Service ("IRS") to calculate underpayment penalties. (Dkt. No. 129-1 at 23.) "The ill-gotten gains include prejudgment interest to ensure that the wrongdoer does not profit from the illegal

---

[3] The only "business expense" that could be subject to deduction from the disgorgement amount was $147,000 Ringgold claimed to have paid for technology development; however, he made that payment for an apartment lease and directed Amanda Vaculik to lie to the SEC and submit a false declaration to the Court. (Dkt. No. 117 at 21; Dkt. No. 93-2, Wilner Decl., Ex. 18 at 135.) Therefore, no deduction is warranted.

activity." *S.E.C. v. Cross Fin. Servs.*, 908 F. Supp. 718, 734 (C.D. Cal. 1995). The Ninth Circuit approved the calculation of prejudgment interest based on the tax underpayment rate set forth in 26 U.S.C. § 6621(a)(2)[4] on a disgorgement order sought by the SEC in a civil enforcement action. *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1099 (9th Cir. 2010) (district court did not abuse its discretion by calculating pre-judgment interest based on tax underpayment rate, 26 U.S.C. § 6621, instead of 28 U.S.C. § 1961, the treasury bill rate).

Here, the SEC calculated the amount of prejudgment interest to be $31,355.92 using the rate of interest used by the IRS for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2) for the period from October 3, 2018 (the date the SEC complaint was filed) to August 26, 2020 (the date the Court entered default judgment against Blockvest).[5] (Dkt. No. 129-2, Wilner Decl. ¶ 4.)

Thus, the Court GRANTS the SEC's request for an order of disgorgement, joint and severally, against Defendants in the amount of $332,370.99. Defendants shall also pay prejudgment interest which totals $31,355.92. Therefore, the total amount of disgorgement and prejudgment interest that will be assessed jointly and severally against Defendants is **$363,726.91**.

## C. Civil Penalty

The SEC requests that the Court impose a third-tier civil penalty on Ringgold in the amount of his gross pecuniary gain of $332,370.99.

The Exchange Act and the Securities Act provide that the Court may impose civil monetary penalties for violations of the federal securities laws. *See* 15 U.S.C. §

---

[4] "Underpayment rate.--The underpayment rate established under this section shall be the sum of-- (A) the Federal short-term rate determined under subsection (b), plus (B) 3 percentage points." 26 U.S.C.§ 6621(a)(2).

[5] The Court notes that the attached prejudgment interest report attached to Wilner's declaration indicates the interest was calculated from November 1, 2018 to July 31, 2020 but appears to be somewhat equal to the numbers of days between October 3, 2018 to August 26, 2020. (Dkt. No. 129-2, Wilner Decl., Ex. 2.)

78u(d)(3)(A); 15 U.S.C. § 77t(d)(2).  A third-tier penalty is proper where the violations: (1) involve fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement, and (2) directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons.  15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)(iii).  Third-tier civil penalties may be calculated either by multiplying a defendant's violations by a dollar amount or imposing a flat penalty equal to a defendant's gross pecuniary gain.  *See* 15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)(iii).

Similar to permanent injunctions, civil penalties are imposed to deter the wrongdoer from similar conduct in the future, so courts frequently apply the *Murphy* factors for permanent injunctions when assessing civil penalties.  *See S.E.C. v. Wilde*, No. SACV 11–0315 DOC(AJWx), 2012 WL 6621747, at *16 (C.D. Cal. Dec. 17, 2012) ("[B]ecause this factor test supported the imposition of a permanent injunction, it also supports the imposition of civil penalties."); *S.E.C. v. Abellan*, 674 F. Supp. 2d 1213, 1222 (W.D. Wash. 2009) ("Like a permanent injunction, civil penalties are imposed to deter the wrongdoer from similar violations in the future; therefore those same factors governing the imposition of a permanent injunction apply here.") (citing *S.E.C. v. Alpha Telcom, Inc*., 187 F. Supp. 2d 1250, 1263 (D. Or. 2002) (citing *Murphy*, 626 F.2d at 655)).  Because the Court has imposed a permanent injunction and considered the factors under *Murphy*, the Court also GRANTS the SEC's request for civil penalties under tier three in the amount of **$332,370.99** equal to the amount of Defendants' gross pecuniary gain.

In conclusion, the Court GRANTS the SEC's unopposed motion for permanent injunction and monetary relief and HEREBY ORDERS the following:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Blockvest and Ringgold be and hereby are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Blockvest and Ringgold be and hereby are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the

following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Blockvest and Ringgold be and hereby are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants Blockvest's and Ringgold's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with defendant Blockvest or Ringgold or with anyone described in (a).

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Ringgold, his agents, servants, employees, attorneys, subsidiaries, and affiliates, and those in active concert or participation with him, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby be and hereby are permanently restrained and enjoined from participating, directly or indirectly, in any offering of any securities, including any digital asset securities, and from making any misstatements or misrepresentations about SEC approval or other regulatory approval in connection with any offering of any securities, including any digital asset securities; provided, however, that such injunction shall not prevent Ringgold from purchasing or selling securities for his own behalf in his own personal accounts.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant Ringgold's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Ringgold or with anyone described in (a).

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $332,370.99, representing ill-gotten gains obtained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $31,355.92, for a total of $363,726.91.  Defendants shall satisfy this obligation by paying $363,726.91 to the SEC within 14 days after entry of this Judgment.  Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>   Enterprise Service Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK  73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ringgold and Blockvest as defendants in this action; and specifying that payment is made pursuant to this Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payments Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Ringgold shall pay a third tier civil penalty in the amount of $332,370.99, respectively, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Defendants shall make the required payments within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payments shall be delivered or mailed to the Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard,

1  Oklahoma City, OK 73169, and shall be accompanied by a letter identifying the
2  respective defendant making the payment and identifying him or it as a defendant in this
3  action; setting forth the title and civil action number of this action and the name of this
4  Court; and specifying that payment is made pursuant to this Final Judgment.  A copy of
5  the letter and payment shall be simultaneously served on counsel for the Commission in
6  this action.  Defendants shall pay post-judgment interest on any delinquent amounts
7  pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to
8  this paragraph to the United States Treasury.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Ringgold under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Ringgold of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**VIII.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated:  December 15, 2020

Hon. Gonzalo P. Curiel
United States District Judge